**FORRESTAL VILLAGE, INC., Appellant,**

v.

**Katharine GRAHAM et al.**

**No. 76–1314.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Dec. 15, 1976.

Decided Jan. 13, 1977.

---

E. Lewis Hansen, Washington, D. C., with whom Albert A. Rapoport, Washington, D. C., was on the brief, for appellant.

Arthur F. Mathews, Washington, D. C., with whom John H. Pickering, Washington, D. C., was on the brief, for appellee Katharine Graham.

John W. Vardaman, Jr., Washington, D. C., with whom Joseph A. Califano, Jr., Washington, D. C., was on the brief, submitted on the brief for appellee Washington Post Company.

Before WRIGHT and ROBB, Circuit Judges, and GESELL,* District Judge.

PER CURIAM:

Plaintiff-appellant Forrestal Village, Inc. brought this suit, framed as a class and derivative action, against defendants-appellees Washington Post Company and Katharine Graham, who is chairman of the Board of Directors of the Washington Post Company and publisher of *The Washington Post.* In its complaint plaintiff alleged violations of various provisions of the Securi-

---

* Of the United States District Court for the District of Columbia, sitting by designation pursuant to 28 U.S.C. § 292(a) (1970).

ties Act of 1933 (15 U.S.C. §§ 77a *et seq.* (1970)) and the Securities Exchange Act of 1934 (15 U.S.C. §§ 78a *et seq.* (1970)), common law fraud, breach of fiduciary duty, and waste of assets.

This appeal is from a judgment of the District Court granting defendants' joint motion for summary judgment on the federal law claims and dismissing the state law claims. We affirm the District Court's judgment in its entirety for the reasons stated in its supporting memorandum. The only question seriously argued on appeal and the only one meriting discussion concerns which statute of limitations should apply to plaintiff's claims under Section 17(a) of the Securities Act of 1933[1] and Section 10(b) of the 1934 Act[2] (including 10(b)(5)).[3]

■ It is well established that when, as here, Congress has created a federal right but has not prescribed a limitation period for enforcement, federal courts will borrow the period of limitation prescribed by the state where the court sits. *McCluny v. Silliman,* 28 U.S. (3 Pet.) 270, 276–277, 7 L.Ed. 676 (1830); *Holmberg v. Armbrecht,* 327 U.S. 392, 395, 66 S.Ct. 582, 90 L.Ed. 743 (1946) (actions at law); *Cope v. Anderson,* 331 U.S. 461, 463–464, 67 S.Ct. 1340, 91 L.Ed. 1602 (1947) (suits in equity); *International Union, UAW v. Hoosier Corp.,* 383 U.S. 696, 704–705 & n. 7, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). This general rule has been consistently applied to civil actions brought under the federal securities laws. *See, e. g., Janigan v. Taylor,* 344 F.2d 782, 783 (1st Cir.), *cert. denied,* 382 U.S. 879, 86 S.Ct. 163, 15 L.Ed.2d 120 (1965); *Klein v. Shields & Co.,* 470 F.2d 1344, 1346 (2d Cir. 1972); *Hudak v. Economic Research Analysts, Inc.,* 499 F.2d 996, 999 (5th Cir. 1974), *cert. denied,* 419 U.S. 1122, 95 S.Ct. 805, 42 L.Ed.2d 821 (1975). The basic standard for determining which of the local periods of limitation to utilize is the one that "best effectuates the federal policy involved." *See, e. g., Hudak v. Economic Research*

*Analysts, Inc., supra,* 499 F.2d at 999; *Parrent v. Midwest Rug Mills, Inc.,* 455 F.2d 123, 125 (7th Cir. 1972); *Charney v. Thomas,* 372 F.2d 97, 99–100 (6th Cir. 1967).

In choosing the District of Columbia statute that "best effectuates the federal policy" expressed in Sections 17(a) and 10(b), there are—as each party here acknowledges—only two alternatives. The first alternative, and the one which Forrestal urges, is the three-year District of Columbia statute of limitations that governs, along with other causes of action, common law fraud actions generally. Pub.L. No. 88–241, 77 Stat. 509, 12 D.C.Code § 301(8) (1973). The second alternative, and the one which appellees urged successfully before the District Court, is Section 14 of the District of Columbia Securities Act of 1964, the local "blue sky law." Pub.L. No. 88–503, § 14, 78 Stat. 620, 629, 2 D.C.Code § 2413 (1973). That section creates a civil cause of action in favor of a purchaser of securities sold by means of a materially false or misleading statement or by means of statements containing material omissions and establishes a two-year period of limitation for such an action.

■ We join the majority of circuits which have considered this question of the applicable statute of limitations in actions brought under Section 17(a) or 10(b) and hold that the local blue sky law limitation best effectuates the federal policy. *See, e. g., Berry Petroleum Co. v. Adams & Peck,* 518 F.2d 402 (2d Cir. 1975); *Newman v. Prior,* 518 F.2d 97 (4th Cir. 1975); *Hudak v. Economic Research Analysts, Inc., supra; Parrent v. Midwest Rug Mills, Inc., supra; Cole v. Alodex Corp.,* 533 F.2d 372 (7th Cir. 1972); *Vanderboom v. Sexton,* 422 F.2d 1233 (8th Cir.), *cert. denied,* 400 U.S. 852, 91 S.Ct. 47, 27 L.Ed.2d 90 (1970). We adopt the reasoning of the Eighth Circuit in *Vanderboom* and decline to follow the minority of circuits which have applied local statutes of limitations that govern fraud actions generally. *Charney v. Thomas, supra;*

---

1. 15 U.S.C. § 77q(a).

2. 15 U.S.C. § 78j(b).

3. 17 C.F.R. § 240.10b–5.

*United California Bank v. Salik,* 481 F.2d 1012 (9th Cir.), *cert. denied,* 414 U.S. 1004, 94 S.Ct. 361, 38 L.Ed.2d 240 (1973); *Mitchell v. Texas Gulf Sulphur Co.,* 446 F.2d 90 (10th Cir.), *cert. denied,* 404 U.S. 1004, 92 S.Ct. 564, 30 L.Ed.2d 558 (1971).

In *Vanderboom* the Eighth Circuit rejected a general fraud statute of limitations and adopted the two-year statute of limitations contained in the Arkansas blue sky law. The court noted that the state blue sky law "deals expressly with the sale of securities," 422 F.2d at 1237, and—though the blue sky provision in question is not identical to Section 10(b) or Rule 10b–5—it resembles those federal provisions more closely than it does the necessary elements of common law fraud. *Vanderboom* is especially instructive here since the pertinent provisions of the Arkansas blue sky law bear a close resemblance to the corresponding provisions of the District of Columbia Act, both statutes having been derived from the Uniform Securities Act.[4]

■ Particularly on the facts of this case the commonality of purpose between Sections 10(b) and 17(a) on the one hand and Section 14 of the District of Columbia Securities Act on the other is obvious. Both are directed at the sale of securities in particular rather than at fraud in general, and appellant's claims under Sections 10(b) and 17(a) are plainly encompassed within the D.C. Securities Act. Appellant alleges that various matters were not fully and clearly disclosed by appellees; the D.C. Act covers omissions of material facts as well as misrepresentations. Appellant sues as a buyer of securities; the D.C. Act affords a cause of action to buyers. And neither Section 10(b) nor the D.C. Act requires reliance where material omissions—as in this case— are alleged. *See Affiliated Ute Citizens v. United States,* 406 U.S. 128, 153, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972).

Admittedly, there are some differences between the relevant federal and local stat-utes. Under Section 10(b) both buyers and sellers have a claim, whereas the D.C. Act provides a cause of action to buyers only. Because the instant case is a suit by a buyer, however, this difference is not material. *See Berry Petroleum Co. v. Adams & Peck, supra,* 518 F.2d at 408. Also, the Supreme Court recently held in *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976), that in actions for damages under Section 10(b) there must be "some element of scienter" and liability cannot be imposed "for negligent conduct alone," 425 U.S. at 201, 96 S.Ct. 1375, whereas the D.C. Act apparently does not require that a plaintiff prove anything more than negligence. Yet this possible difference between the federal statute and the local statute is easily outweighed by their similarities in both purpose and substance.

Accordingly, the judgment of the District Court is

*Affirmed.*

---

4. *Compare* Ark.Stat.Ann. § 67–1256 (Replacement 1966) *(quoted in* 422 F.2d at 1238) *with* 2 D.C.Code § 2413 (1973). *See also* 422 F.2d at 1237–1238 (Arkansas statute based upon Uni-form Securities Act); S.Rep.No.1376, 88th Cong., 2d Sess. 2 (1964) (D.C. Act based on Uniform Securities Act).