David P. HOULIHAN et al., Plaintiffs,

v.

ANDERSON–STOKES, INC., et al., Defendants.

Civ. A. No. 75–0555.

United States District Court, District of Columbia.

June 28, 1977.

As Amended July 12, 1977.

---

See also, D.C., 434 F.Supp. 1319.

James Hamilton, Martha Jane Shay, Michael I. Sanders, Philip L. Cohan, Washington, D.C., for plaintiffs.

Philip A. Lacovara, Peter M. Kreindler, Jay Kelly Wright, David M. Becker, Washington, D.C., for defendants.

## MEMORANDUM OPINION OF UNITED STATES

CHARLES R. RICHEY, District Judge.

This case is before the Court on the motion of defendants Coopers & Lybrand and Peter Nunn (the "accountant defendants") to dismiss or, in the alternative, for summary judgment on all of the claims against them. The accountant defendants are the sole defendants named in Counts IV and IX of plaintiffs' Third Amended Complaint; they are also named, along with other defendants, in Counts VI and VIII. For the reasons set forth below, the Court will grant the motion to dismiss Count IV and will decline to exercise pendent jurisdiction over Count IX and Counts VI and VIII as they pertain to these defendants.

This case arises out of the sale to plaintiffs in 1972 of certain limited partnership interests in a condominium development in Ocean City, Maryland. As detailed in the complaint, see ¶ 60, the accountant defendants prepared certain financial projections for the offering memorandum distributed to plaintiffs by various defendants herein in connection with the then-proposed sale of the limited partnership interests involved. According to plaintiffs, the financial projections contained misrepresentations of certain material facts and omitted to state certain other material facts. These material misrepresentations and omissions were, according to plaintiffs, due in part to the negligence and recklessness of the accountant defendants.

In Count IV, plaintiffs seek damages solely from the accountant defendants under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and under Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5. In Count VI, plaintiffs repeat the allegations summarized above and charge the accountant defendants, *inter alia,* with violations of the securities statutes of Maryland, Virginia, and the District of Columbia. In Count VIII, plaintiffs seek damages from the accountant defendants, *inter alia,* for common law reckless and/or negligent misrepresentations and omissions. In Count IX, plaintiffs seek damages solely from the accountant-defendants for "accountants' negligence." Jurisdiction over the subject matter of Counts VI, VIII, and IX is premised upon the exercise of this Court's pendent jurisdiction, in connection with its jurisdiction over the counts, including Count IV, arising under the federal securities laws. *See* § 22 of the Securities Act of 1933, 15

U.S.C. § 77v; and § 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa.

## I. *Count IV Is Barred By The Applicable Statute of Limitations.*

■ Defendants have asserted, and the Court agrees, that Count IV of plaintiffs' Third Amended Complaint is barred by the two-year statute of limitations applicable to this action.

When this issue was briefed by the parties, the major source of dispute was which local limitations period should be applied: the District of Columbia's three-year statute of limitations for common law fraud, or the two-year statute of limitations established by section 14 of the District of Columbia Securities Act of 1964, 2 D.C. Code § 2413(e). Since the briefs herein were filed, the dispute has been settled in this circuit by a decision in which the court of appeals ruled that the two-year statute of limitations applies. *Forrestal Village, Inc. v. Graham,* 551 F.2d 411 (D.C. Cir. 1977).

It is undisputed that the actions allegedly giving rise to the accountant defendants' liability occurred in October and November 1972 and that the accountant-defendants were not sued until July 1975. Thus, unless plaintiffs can avoid the clear dictates of the applicable statute, their case against the accountants is time-barred.

Plaintiffs seek to escape the effect of the statute by invoking the "federal tolling doctrine" governing fraudulently concealed causes of action. In a Memorandum issued this date concerning an unrelated motion in this case, this Court has discussed fully the federal tolling doctrine. The aforesaid discussion is hereby incorporated by reference, and the Court will not repeat the general points made therein with respect to the federal tolling doctrine. The issue now before the Court is whether plaintiffs' complaint is sufficient to invoke the tolling doctrine and thereby defeat a motion to dismiss under Fed.R.Civ.P. 12(b)(6). The Court holds that it is not sufficient, and will therefore grant the motion.

Since allegations of fraudulent concealment must meet the specificity requirements of Fed.R.Civ.P. 9(b), *see, e. g., Dayco Corp. v. Goodyear Tire & Rubber Co.,* 523 F.2d 389, 394 (6th Cir. 1975), a close examination of plaintiffs' complaint is particularly appropriate. Nothing in Count IV even hints at an allegation of fraudulent concealment. Rather, plaintiffs rely on the section of their complaint entitled Background Facts, which is incorporated by reference in each count of the complaint. In ¶¶ 23 and 24, plaintiffs allege that in the first half of 1974, after considerable difficulties had arisen in the construction of the condominium in which they had invested, they made largely unsuccessful attempts to learn more about the causes of those difficulties. Their efforts began to yield results only when they met on June 28, 1974, with representatives of the general partners and of the securities dealership which organized the partnership involved herein. The critical allegation, ¶ 25, states:

> At that meeting the limited partners [plaintiffs] for the first time were provided with substantial information as to the extent of construction and financial difficulties. At this point, the limited partners increased their efforts to obtain complete information concerning the project. During the ensuing investigation, the limited partners learned that at the time of the initial sale they had lacked information which any prudent investor would desire to have before investing and that there had been material misrepresentation and omissions which the general partners and their agents had a fiduciary duty to correct and disclose during the formation of the partnership.

Plaintiffs further assert that at all times they "exercised due diligence" in ascertaining the facts concerning the project's construction and financing difficulties and in discovering whether the representations made to them at the time of sale were accurate. *See* ¶ 27.

What is striking about these allegations, standing alone, is that *there is no allegation of fraudulent concealment,* much less one that comports with Rule 9. To be sure, there are claims that it was not until 1974 that plaintiffs discovered that they had been the victims of certain misrepresentations and omissions made at the time of

sale. But there is no claim that these misrepresentations and omissions were fraudulent, i. e. intentional, and, more important for purposes of the instant motion, there is also no claim that there was an intentional effort to conceal the cause of action which arose from the misrepresentations and omissions. Finally, there is no attempt to relate these events as set forth in the background portion of the complaint to the claim against the accountants grounded in negligence and recklessness—not fraud—in the preparation of financial projections.

These allegations stand in stark contrast to the claim of fraudulent concealment made as to Count I of the Third Amended Complaint and discussed in the aforementioned separate Memorandum issued this date. In addition to relying on the above-quoted portions of the complaint to allege fraudulent concealment as to Count I, plaintiffs specifically allege in the body of Count I that: a) the defendants named therein falsely represented that the securities involved were exempt from registration under federal and Maryland law; b) that said defendants assured plaintiffs, in the offering memorandum, that they had been provided access to all relevant information concerning the partnership which would have been included in a registration statement had one been necessary; and c) that after the aforementioned meeting of June 28, 1974, plaintiffs increased their efforts to obtain complete information and discovered that they had been "deceived by the representations and *fraudulent concealments* of [the] defendants" named in Count I. [Emphasis added.] As indicated above, there are no equivalent allegations—indeed, there is nothing on the subject of fraudulent concealment—in the body of Count IV.

Even if plaintiffs had alleged that their claims against the accountants had been concealed, that assertion could not stand in light of the actual language of their claims against the accountant defendants. Since the accountants are not accused of fraud, *see* ¶¶ 60–63, or of intentionally concealing the cause of action arising out of their alleged negligence and recklessness, the best plaintiffs could have said (but did not) was that the accountants' wrongs were fraudulently concealed by the intentional acts of *other* defendants herein. Yet such an allegation would not have been sufficient to plead a case of fraudulent concealment. The doctrine is rooted, as Mr. Justice Black wrote, in "the maxim that no man may take advantage of his own wrong." *Glus v. Brooklyn Eastern District Terminal,* 359 U.S. 231, 232, 79 S.Ct. 760, 762, 3 L.Ed.2d 770 (1959). Thus, it would seem that in order to invoke the doctrine successfully a plaintiff must allege and prove that the party that seeks the protection of the statute of limitations is the party that has concealed the cause of action; as several circuit courts of appeals have either expressly or implicitly held, concealment by a third-party simply will not suffice.

Thus, for example, the Eighth Circuit has held that:

Fraudulent concealment comprehends two elements—the use of fraudulent means *by the party who raises the ban of the statute* and successful concealment from the injured party.

*Kansas City v. Federal Pacific Electric Co.,* 310 F.2d 271, 278 n.9 (1962), *cert. denied,* 371 U.S. 912, 83 S.Ct. 256, 9 L.Ed.2d 171 (1962) and 373 U.S. 914, 83 S.Ct. 1297, 10 L.Ed.2d 415 (1963) (emphasis added). The Court of Appeals for this circuit recently indicated that the doctrine arose in cases of "*defendant's* fraud or deliberate concealment of material facts relating to *his* wrongdoing . . . ." *Fitzgerald v. Seamans,* No. 75–1032, 553 F.2d 220 at 228 (D.C. Cir. 1977) (emphasis added). In *Dayco Corp., supra,* Judge McCree wrote that one of the elements that "*must* be pleaded" in order to establish fraudulent concealment is "wrongful concealment of [plaintiff's] actions *by the defendants.*" 523 F.2d at 394 (emphasis added). The Seventh Circuit has pointed out that: "The doctrine developed to prevent wrongdoers from concealing their actions and then perpetuating a further fraud by using the statute of limitations as a shield." *Morgan v. Koch,* 419 F.2d 993, 997 (7th Cir. 1969). Finally, as Judge Friendly pointed out in holding insufficient certain allegations of fraudulent concealment: "The case is thus

quite unlike those in which *a defendant* has concealed the transaction sued upon . . . or the facts rendering a known transaction actionable . . . ." *Moviecolor, Ltd. v. Eastman Kodak Co.,* 288 F.2d 80, 87 (2d Cir.), *cert. denied,* 368 U.S. 821, 82 S.Ct. 39, 7 L.Ed.2d 26 (1961). *Accord, Dyer v. Eastern Trust and Banking Co.,* 336 F.Supp. 890, 901 (D.Me.1971) (allegation of "explicit, conscious deception, concealment and bad faith *on the part of the defendants*" required) (emphasis added).[1]

For the above reasons, the Court has no doubt that Count VI against the accountant defendants is barred by the statute of limitations.[2] Accordingly, the Court will dismiss Count IV, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted.[3]

## II. The Court Will Decline To Exercise Pendent Jurisdiction Over Count IX and Over Counts VI and VIII As They Apply To Defendants.

■ As noted above, Count VI charges the accountant defendants, among others, with violations of the securities statutes of Maryland, Virginia, and the District of Columbia; Count VIII charges the accountant defendants, among others, of common law reckless and/or negligent misrepresentation; and Count IX charges the accountant

---

1. An exception to the rule that the fraudulent concealment alleged must be committed by the defendant who raises the bar of the statute was carved out in the seminal case of *Bailey v. Glover,* 21 Wall. 342, 348, 88 U.S. 342, 348, 22 L.Ed. 636 (1875):

   [W]here the party injured by the fraud remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered, though there be no special circumstances or efforts on the part of the party committing the fraud to conceal it from the knowledge of the other party.

   Elaborating on this exception nearly 100 years later, the court in *Puttkammer v. Stifel, Nicholaus & Co.,* 365 F.Supp. 495, 497 (N.D.Ill.1973), wrote:

   One element of the *Bailey* doctrine, then, is that if the defendants' activities are of such a nature that they conceal themselves, then even though the defendants may have taken no steps to conceal them, there will be a tolling of the statute of limitations.

   For two reasons, the exception does not apply to this case. First, the exception for self-concealing activities has arisen, not surprisingly, in cases, such as the above, in which defendants are charged with fraud; as noted above, there is no allegation of fraudulent activity on the part of the accountant defendants in this case. Second, and in any case, it does not appear, and certainly there is no allegation whatsoever—much less one that comports with Fed.R.Civ.P. 9—that the alleged activities of the accountant defendants were self-concealing.

2. The Court wishes to make it clear that it intends no criticism of plaintiffs' counsel for the deficiencies of the complaint. Counsel did not enter this case until after the statute had run and the original and two amended complaints had been filed. Their failure to allege fraudulent concealment by the accountant de-

fendants in the Third Amended Complaint was obviously dictated by professional ethics which restrain them from alleging no more than they reasonably believe they can prove.

3. Even if the Court were not convinced that dismissal is clearly warranted on statute of limitations grounds, the Court would be likely to dismiss Count IV on one or more of several other grounds. First, the Court notes that, to the extent plaintiffs allege mere negligence against the accountant defendants under § 10(b), the Supreme Court's decision in *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976), which came down five days after plaintiffs filed their Third Amended Complaint, represents a complete bar to their claim. Second, even the viability of the remaining aspects of Count IV—the allegations of recklessness—is doubtful, the question having been expressly left open by the *Hochfelder* court. 425 U.S. at 194 n.12. *But see McLean v. Alexander,* 420 F.Supp. 1057, 1084 (D.Del. 1976). Third, assuming that the allegations of recklessness do in fact state a claim upon which relief can be granted under § 10(b), the actual wording of plaintiffs' allegations, notwithstanding inclusion of the label "recklessly," is the language of negligence. *See* Plaintiff's Third Amended Complaint at ¶ 63. There is thus serious doubt whether plaintiffs' allegations of recklessness satisfy the definition of that term as established by those courts which have found such allegations sufficient to state a claim under § 10(b). *Cf. Lanza v. Drexel & Co.,* 479 F.2d 1277, 1305–06 & n.98 (2d Cir. 1973). Finally, the Court has reviewed carefully defendants' alternative motion for summary judgment on Count IV and plaintiffs' opposition thereto, and believes, for the reasons set forth in defendants' briefs, that defendants have made a convincing case that there are no material facts in dispute and that defendants are entitled to judgment as a matter of law.

defendants with "accountants' negligence." For the reasons set forth below, the Court will decline to exercise pendent jurisdiction over the local law claims against the accountant defendants, and will therefore dismiss those claims.

At the outset, the Court notes that defendants maintain that the Court lacks the *power* to exercise pendent jurisdiction over the state law claims against the accountants, under the Supreme Court's recent ruling in *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). In *Aldinger,* plaintiff sued Spokane County (Wash.) and other parties under 42 U.S.C. § 1983 and its jurisdictional counterpart, 28 U.S.C. § 1343(3). The plaintiff also sued the county on a variety of state law claims, asserting that those claims could be heard in a federal forum pursuant to the doctrine of pendent jurisdiction. Applying well-settled precedent, the Court affirmed the lower court's decisions that the county could not be sued under § 1983, as it was not a "person" within the meaning of that statute. The Court then considered the question of whether pendent jurisdiction could be exercised over the state law claims against the county, "over which there is no independent basis of federal jurisdiction," 427 U.S. at 18, 96 S.Ct. at 2422, simply because plaintiff had a cognizable federal claim over *other* defendants in the case. To decide the question, the Court looked to congressional intent behind the statutes conferring federal jurisdiction on those other defendants. Expressly limiting its holding to § 1343(3) and § 1983, the Court concluded that "in this case Congress has by implication declined to extend federal jurisdiction over a party such as Spokane County." 427 U.S. at 19, 96 S.Ct. at 2422.

*Aldinger* is certainly different than the instant case. First, as noted above, its holding applies only to the statutes there at issue. Second, it is not at all clear that the *Aldinger* reasoning applies to a case, such as the instant controversy, in which there would have been an "independent basis of federal jurisdiction" over the proposed pendent party but for the fact that the action was not timely-filed.

Whether these differences rise to the level of a distinction, however, is a question the Court need not consider; for, assuming *arguendo* that the Court has the power to exercise pendent jurisdiction over the local law claims against the accountants, the Court has decided not to exercise its discretion to retain the state law counts. The Court's conclusion is grounded in the landmark decision of *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), in which the Supreme Court wrote:

> It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. . . . Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. *Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.*

*Id.* at 726, 86 S.Ct. at 1139 (emphasis added, footnotes omitted).

The portion from *Gibbs* emphasized above would seem to mandate dismissal of the state law claims herein in light of this Court's pre-trial dismissal of the federal claim against the accountants (*see* part I, *supra*). However, as indicated in this Court's discussion of *Aldinger,* there are federal claims extant against other defendants in this case. Moreover, the Supreme Court's flat statement in *Gibbs* that state law claims should be dismissed if federal claims are dismissed before trial has been relaxed in recent years, first by application in the lower courts and then expressly by the Supreme Court in *Rosado v. Wyman,* 397 U.S. 397, 404–05, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970). *See* 13 C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure,* § 3567, at 451–53 (1975). Nevertheless, the policy reflected by the rule re-

mains important. In this case, it is especially significant in light of the fact that the federal claim against the accountants has been dismissed at an early stage, before extended discovery and the resultant framing of the issues.

Other factors, set forth below, have also influenced the Court's decision:

(1) The Court will not be hearing most of the other state law counts in this case, which are subject to arbitration agreements between the parties. Thus, the disputes between the parties herein will not, in any case, be decided in one forum only. Moreover, were this Court to decide the local law counts against the accountants, the Court's decision might have an effect on whatever issues presented in those counts are related to the issues subject to arbitration; that is a result which the Court would obviously prefer to avoid.

(2) Some of the legal issues in the claims against the accountants are quite different from the issues involved in those counts which remain in this case. Inclusion of the local law counts against the accountants would therefore be likely to confuse the jury in this case, through the presentation of additional issues and additional parties in a setting in which complexities abound already.

(3) The legal issues referred to in the local law counts above are not only different from the issues presented by the federal counts, they are also novel and difficult. These issues would best be decided by the courts which have most familiarity with the applicable law.

Plaintiffs assert that they will be inconvenienced by having to litigate the local law claims against the accountants in local courts, rather than in the same forum in which they are pursuing their claims against the other defendants herein. Their claim, no doubt, has some validity. However, that factor is far outweighed by the factors of judicial administration, and comity toward local courts specified above. Adherence to *Gibbs* convinces the Court that the interests of justice would best be served if the Court declined from exercising pen-

dent jurisdiction over the local law claims against the defendants.

### III. *Conclusion.*

Count IV of plaintiffs' Third Amended Complaint, arising under § 10(b) of the Securities Exchange Act of 1934, is barred by the applicable statute of limitations. The Court will decline to exercise pendent jurisdiction over Count IX and over Counts VI and VIII as they apply to the accountant defendants.

An Order in accordance with the foregoing will be issued of even date herewith.