Joan **HALLIGAN, suing derivatively on behalf of all shareholders of Standard & Poor's/Intercapital Income Securities, Inc., Plaintiff,**

v.

**STANDARD & POOR'S/INTERCAPITAL, INC., et al., Defendants.**

**No. 76 C 1411.**

United States District Court, E. D. New York.

July 20, 1977.

Schoengold & Sporn, New York City, for plaintiff by Samuel P. Sporn, New York City.

Sullivan & Cromwell, New York City, for defendants Standard & Poor's/Intercapital, Inc., Standard & Poor's Corp., McGraw-Hill, Inc., Dennis H. Greenwald, Douglas Greenwald, Robert G. Patterson, Charles A. Fiumefreddo, Robert W. Long and Jonathan R. Page by Marvin Schwartz, Robert D. Owen, New York City.

Gordon Hurwitz Butowsky Baker Weitzen & Shalov, New York City, for defendants Irwin Friend and Arthur M. Okun by David M. Butowsky, Steven Coploff, New York City, of counsel.

NEAHER, District Judge.

This is a derivative action brought by a shareholder on behalf of Standard & Poor's Intercapital Income Securities, Inc. ("Standard"), a Maryland corporation having its principal office in New York City. Standard is a diversified closed-end investment company registered under the Investment Company Act of 1940 ("Act"), 15 U.S.C. § 80a–1, *et seq.* Plaintiff claims that Standard has paid excessive fees to its investment adviser, Standard & Poor's/Intercapital, Inc. ("Adviser"). Plaintiff seeks to reform the investment advisory contract and to recover damages from the Adviser, two corporate affiliates of the Adviser, and present and former officers and directors of Standard.

All of the defendants other than the Adviser and Standard have moved to dismiss the complaint as to them for failure to state a claim. They argue that § 36(b) of the Act, 15 U.S.C. § 80a–35(b), provides that an action such as this can be maintained only against the Adviser, the sole recipient of the alleged overpayments for investment advice.

Section 36(b) was one of several amendments contained in the Investment Company Amendments Act of 1970. It begins by providing that

"the investment adviser of a registered investment company shall be deemed to have a fiduciary duty with respect to the receipt of compensation for services, or of payments of a material nature, paid by such registered investment company, or by the security holders thereof, to such investment adviser or any affiliated person of such investment adviser."

In addition, it states that a shareholder of a registered investment company may bring an action in federal court for breach of that fiduciary duty. Subdivision (3), however, places strict limits on the shareholder's right of action:

"No such action shall be brought or maintained against any person other than the recipient of such compensation or payments, and no damages or other relief shall be granted against any person other than the recipient of such compensation or payments. . . ."

In an effort to avoid these limitations contained in § 36(b)(3), plaintiff included in her amended complaint a claim against Standard's directors under § 15(c), which provides in pertinent part:

"It shall be the duty of the directors of a registered investment company to request and evaluate, and the duty of the investment adviser to such company to furnish, such information as may reasonably be necessary to evaluate the terms of any contract whereby a person undertakes to serve or act as investment adviser of such company."

Plaintiff contends that the directors may be held liable for violation of that duty.

Defendants point out, however, that §§ 15(c) and 36(b) were both added to the Act by the 1970 amendments. They argue that it would be illogical to assume that Congress intended § 15(c) to be an implicit exception to the explicit limits of § 36(b)(3).

■ Defendants have the better of this argument. Congressional creation of an "express statutory provision for one form of proceeding ordinarily implies that no other means of enforcement was intended by the Legislature." *SIPC v. Barbour,* 421 U.S. 412, 419, 95 S.Ct. 1733, 1735, 44 L.Ed.2d 263 (1975). Since § 36(b) affords a complete remedy for excessive fees paid to investment advisers, there is no need to imply a right of action under § 15(c). The duty created by § 15(c) can be enforced by the Securities and Exchange Commission under its authority to bring proceedings for injunctive relief pursuant to § 36(a) of the Act.

The cases cited by plaintiff to support her § 15(c) claim are inapposite. *Brown v. Bullock,* 294 F.2d 415 (2 Cir. 1961), dealt with §§ 15(a) and (b), which require the directors of an investment company to approve at least annually its investment advisory contracts. There the Court of Appeals for this circuit held that directors may be liable for failure to carry out this act of approval in a meaningful fashion. The case was decided a decade before §§ 15(c) and 36(b) were added to the Act, and it cannot be considered authority for the proposition that § 15(c) provides an independent right of action against directors in the face of the limitations contained in § 36(b). Nor can such authority be found in *Rosenfeld v. Black,* 445 F.2d 1337 (2 Cir. 1971), *cert. dismissed,* 409 U.S. 802, 93 S.Ct. 24, 34 L.Ed.2d 62 (1972), which also did not involve the relationship of §§ 15(c) and 36(b). In that case the Court of Appeals held that an investment company's adviser violated its fiduciary duty by realizing a profit in connection with the appointment of its successor upon its recommendation. The case did not involve the fiduciary duty of the investment adviser or of the investment company's directors with respect to investment advisory fees.

■ Despite plaintiff's failure to state a claim against the officers and directors of Standard under § 15(c), she has successfully thwarted their attempt to have her § 36(b) claim dismissed as against all the defendants except the Adviser. This follows because her claim under § 36(b) rests on the following allegation:

"All of the defendants have directly or indirectly received from [Standard] compensation or payments of a material nature and are guilty of a breach of fiduciary duties concerning such compensation or payments, in violation of § 36(b) of the Investment Act."

This allegation, which must be deemed true for the purposes of the motion to dismiss, is sufficient to bring plaintiff's claim within the requirement of § 36(b)(3) that the action be against "the recipient of . . . compensation or payments [for investment advisory services]."

Nevertheless, plaintiff is incorrect in arguing that liability under § 36(b) extends to all who receive compensation or payments for *any* activities involving the investment advisory contract. In designing § 36(b) to combat excessive fees for investment advisers, Congress allowed shareholders of investment companies to track down those who received the excessive fees and to sue them to recover the excess. As the Senate report noted,

> "This provision affords a remedy if the investment adviser should try to evade liability by arranging for payments to be made not to the adviser itself but to an affiliated person of the adviser." S.Rep. No.91–184, 91st Cong., 1st Sess. 16 (1969); U.S.Code Cong. & Admin.News 1970, p. 4910.

The section must be narrowly read to mean that only those who receive money paid by the investment company for investment advisory services may be held liable for breach of their fiduciary duty with respect to such payments.

At this juncture, however, plaintiff's claim against all of the moving defendants under § 36(b) must be allowed to stand. Accordingly, the motion to dismiss for failure to state a claim is denied.

SO ORDERED.