440 F.Supp. 37 (1977)
Margaret MORRIS, Plaintiff,
v.
STIFEL, NICOLAUS & COMPANY, INC. and Wright, Kingsley, Sr., Defendants.
No. 77-809C(3).
United States District Court, E. D. Missouri, E. D.
November 15, 1977.
*38 James P. Holloran, Sommers & Holloran, Inc., St. Louis, Mo., for plaintiff.
John R. Musgrave and Michael W. Forster, Coburn, Croft, Shepherd, Herzog & Putzell, St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, District Judge.
This matter is before the Court upon defendants' motion for summary judgment as to Count I of plaintiff's complaint and to dismiss Count II of plaintiff's complaint for lack of jurisdiction, and upon defendants' alternative motion to strike. Count I of plaintiff's complaint alleges that defendants violated § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), Rule 10b-5 adopted thereunder, 17 C.F.R. § 240.10b-5 and 17(b) of the Securities Act of 1933, 15 U.S.C. § 77q(a). In Count II of the complaint, plaintiff asserts jurisdiction under the doctrine of pendent jurisdiction and alleges fraud in connection with the handling of plaintiff's securities account. In both Counts, plaintiff alleges that the acts involved occurred between November 1, 1972 and July 1, 1974.
Defendants assert that the statute of limitations bars plaintiff's cause of action pursuant to the securities laws and that plaintiff's pendent claim should also be dismissed for lack of a federal claim. See United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Plaintiff has not responded to the motions.
It is well established that the most appropriate local statute of limitations should be applied herein. Ernst & Ernst v. Hochfelder, 425 U.S. 185, 210, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976); Vanderboom v. Sexton, 422 F.2d 1233 (8th Cir. 1970); Bailey v. Piper, Jaffray & Hopwood, Inc., 414 F.Supp. 475 (D.Minn.1976). The issue, of course, is which statute of limitations should be applied. Missouri's Blue Sky statute contains a two year statute of limitations. § 409.411(e), R.S.Mo. (1969). Section 516.120(5), R.S.Mo. (1969), provides a five year statute of limitations for claims based upon common law fraud.
In Vanderboom v. Sexton, supra, the court determined that the applicable blue sky statute of limitations should apply. In so holding, the court noted:
In the case of Trussell v. United Underwriters Ltd., 228 F.Supp. 757 (D.Colo. 1964) the Court, following a controlling 10th Circuit opinion, Rice v. United States, 149 F.2d 601 (10th Cir. 1945), construed Rule 10b-5 to require scienter and to be basically analogous to common law fraud. Under such a construction it was perhaps correct to use the local statute of limitations which specifically applied to common law fraud, rather than the statute of limitations pertaining to the local blue-sky law ... which provides for recovery for negligent as well as knowing and intentional misrepresentations. Id. at 1238.
Since the decision in Vanderboom, the Supreme Court has held that a cause of action under Rule 10b-5 must include scienter. Ernst & Ernst v. Hochfelder, supra.
In those cases which have considered the issue subsequent to the decision in Ernst & Ernst, most courts have decided to continue to apply the state statute of limitations which had been applied prior the Ernst & Ernst decision. See Nickels v. Koehler Management Corp., 541 F.2d 611 (6th Cir. 1976); LaRosa Building Corporation v. Equitable Life Assurance Society of the United States, 542 F.2d 990 (7th Cir. 1976); McNeal v. Paine, Webber, Jackson & Curtis, Inc., 429 F.Supp. 359 (N.D.Ga.1977).
*39 In Forrestal Village, Inc. v. Graham, 551 F.2d 411 (D.C.Cir.1977), the court was apparently presented with the issue for the first time. Although noting that there were differences between the federal securities law and the local blue sky law, the court concluded that the statute of limitations contained in the blue sky law should apply. The court concluded that the similarity in purpose and substance between the federal securities laws and the local blue sky law outweighed the differences.
In Garnatz v. Stifel, Nicolaus & Company, Inc., No. 75-1161C(1) (E.D.Mo. May 18, 1976), the court held that the effect of Ernst & Ernst, supra, was to overrule "the Vanderboom rationale for applying the short blue-sky statute of limitations". Id. at 3. Accordingly, the court concluded that the Missouri statute of limitations for common law fraud should apply. On appeal, the United States Court of Appeals for the Eighth Circuit declined to rule on the issue, holding that because the limitations period was tolled due to fraud, "plaintiff's cause of action . . . [was] timely under either the Missouri blue-sky or the Missouri common law fraud statute of limitations . .". Garnatz v. Stifel, Nicolaus & Co., 559 F.2d 1357, at 1363 (8th Cir. 1977).
Absent a ruling from the Eighth Circuit on the issue, this Court concludes that the Missouri blue sky statute of limitations should be applied herein. Not only was this the statute of limitations which has been applicable since the decision in Vanderboom, supra, but the similarity between the federal securities laws and the Missouri blue sky law warrants continued application of the blue-sky statute of limitations herein. Forrestal Village, Inc. v. Graham, supra.
The acts which form the basis of the complaint herein occurred between November 1, 1972 and July 1, 1974. This suit was not filed until July 27, 1977. Accordingly, the Court concludes that the claims asserted pursuant to the federal securities laws are barred by the statute of limitations. § 409.411(e). Under these circumstances, the Court concludes that plaintiff's pendent claim should also be dismissed. United Mine Workers v. Gibbs, supra. Accordingly, defendants' motion will be granted.