445 F.Supp. 141 (1978)
Mary A. BRAUN, Plaintiff,
v.
STIFEL, NICOLAUS & COMPANY, Kingsley O. Wright and Theodore Menas, Defendants-Third-Party Plaintiffs,
and
Paul Bernache, Third-Party Defendant.
No. 76-1203C(3).
United States District Court, E. D. Missouri, E. D.
January 4, 1978.
As Amended January 27, 1978.
William Stix, St. Louis, Mo., for plaintiff.
Michael W. Forster, Coburn, Croft, Shepherd & Herzog, St. Louis, Mo., for all defendants.
John J. Donnelly, St. Louis, Mo., for third-party defendants.

MEMORANDUM
NANGLE, District Judge.
This matter is before the Court upon defendants' motions for summary judgment as to Counts I, II and III, and to dismiss as to Counts IV, V and VI of plaintiff's complaint. Count I of the complaint alleges a violation of Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. 15 U.S.C. § 78j. Count II alleges a violation of Section 17 of the Securities Act of 1933. 15 U.S.C. § 77q. Count III alleges a violation of the Suitability Rule of the National Association of Securities Dealers. Counts IV, V and VI are based upon the common law of the state of Missouri and jurisdiction is based upon the pendent jurisdiction of this Court.
From the facts presented in connection with this motion which are undisputed by plaintiff, plaintiff, in July, 1974, consulted investment firms, other than defendant firm, concerning her investments with defendants and was informed that the investments were risky. In August, 1974, plaintiff was shown copies of Standard and Poor's reports on the bonds held by plaintiff. In the same month, plaintiff consulted an attorney who later informed her that she had no cause of action against defendants. In September, 1974, plaintiff wrote to the attorney stating in part:
With all your knowledge and education and experience you seemed to have missed the point we tried to make in your office that not only was I put on an excessive amount of margin but the bonds we [sic] so highly speculative. Had Mr. Wright followed the brokers code of ethics and purchased worthy bonds I *142 could have withstood the high margin, but the combination of high margin and highly speculative bonds is destroying me.
Suit herein was filed in December, 1976.
Defendants contend that Counts I, II and III are barred by the statute of limitations, and that the remaining counts should be dismissed because federal jurisdiction would then be lacking.
Defendant contends that the one-year statute of limitations set forth in § 13 of the Securities Act of 1933 governs plaintiff's claim in Count II. Said claim is based upon § 17 of the Securities Act of 1933. In Shull v. Dain, Kalman & Quail, Inc., CCH Fed. Sec. Reptr. ¶ 96,152 (8th Cir. 1977), the court held that § 17 did not provide the basis for a private cause of action, and that any private actions must be based upon § 12 of that Act. Since § 13 of the 1933 Act provides for a one year statute of limitations for claims based upon § 12, it is clear that plaintiff's claim is barred herein. The undisputed facts clearly establish that plaintiff was aware of the alleged misrepresentations and wrongful acts by September, 1974.
Counts I and III of plaintiff's complaint are based upon § 10(b) of the 1934 Act, Rule 10b-5 promulgated thereunder, and the NASD "suitability" rule. The statute of limitations governing these sections are to be determined by the appropriate limitation period of the forum state. Vanderboom v. Sexton, 422 F.2d 1233 (8th Cir. 1970). In Morris v. Stifel, Nicolaus & Company, 440 F.Supp. 37(3) (E.D.Mo. 1977), this Court held that the applicable statute of limitations is that contained in the Missouri Blue Sky Law, § 409.411(e) which provides for a two year limitation period. The Court adheres to that ruling herein and thus concludes that Counts I and III are barred by the statute of limitations.
Counts IV, V and VI will also be dismissed since a basis for federal jurisdiction is lacking. United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

ORDER
Pursuant to the memorandum filed this date,
IT IS HEREBY ORDERED that defendants' motion for summary judgment and to dismiss be and is granted and that Counts I, II, and III of plaintiff's complaint be and are dismissed as barred by the statute of limitations and Counts IV, V, and VI be and are dismissed for lack of federal jurisdiction.
IT IS FURTHER ORDERED that each party shall bear their own costs herein.