Victor VALLES SALGADO et al., Plaintiffs,

v.

PIEDMONT CAPITAL CORPORATION et al., Defendants.

Civ. No. 77–826.

United States District Court, D. Puerto Rico.

June 16, 1978.

Harvey B. Nachman, Eduardo Morales Coll, Santurce, P. R., for plaintiffs.

Woods & Woods, Santurce, P. R. for Piedmont Capital Corp.

Rafael Pérez Bachs, San Juan, P. R., O'Neill & Borges, Hato Rey, P. R., for Lexington Research Fund, Inc.

## OPINION AND ORDER

TORRUELLA, District Judge.

The Amended Complaint filed herein states ten claims for relief. These claims are brought pursuant to: The Securities Act of 1933, 15 U.S.C. §§ 77a et seq.; The Securities and Exchange Act of 1934, 15 U.S.C. §§ 78a et seq.; The Investment Companies Act of 1940, 15 U.S.C. §§ 80a–1 et seq.; The Uniform Securities Act of Puerto Rico, 10 L.P.R.A. §§ 851 et seq.; The Investment Companies Act of Puerto Rico, 10 L.P.R.A. §§ 661 et seq., and upon different provisions of the Civil Code of the Commonwealth of Puerto Rico, 31 L.P.R.A. §§ 3018, 3408, 3511, 3514, 4441, 4443, 4447.

All claims for relief stem from an alleged fraud in the promotion and sale of certain shares of an open end mutual funds program. Plaintiffs are buyers of the investment program. Defendants, within a complex web of interlocking managements and directorates, are the sellers of the investment program. Succinctly stated, it is alleged that the program sold was not the program offered, and that the disparity is due to fraud.

This matter is now before us on Codefendants Piedmont Capital Corporation, Piedmont Management Company, Piedmont Funding Corporation, Lexington Management Corporation, and Pacific Fidelity Life

Insurance Company's Motion to Dismiss under Rule 12(b)(6) Fed.R.Civ.P. (failure to state a claim upon which relief may be granted) and Rule 9(b) Fed.R.Civ.P. (failure to plead fraud with specific particularity). Additionally, Codefendants Lexington Research Fund Inc., Lexington Growth Fund, Inc. and Lexington Income Fund Inc. aver that fraud has not been alleged with the requisite particularity under local law.[1] We proceed with our analysis.

## I

Plaintiffs first claim of relief is based on the Securities Act of 1933. Under Plaintiffs factual framework there are three sections of the 1933 Act under which Defendants may be found civilly liable, §§ 5, 12(1) or (2), 17(a), 15 U.S.C. §§ 77e, 77*l*(1) or (2), 77q(a).

Section 5 of the Act prohibits the sale, or offer to sell, through the mails or interstate commerce any security not duly registered in accordance with the Act, or by means of a prospectus not meeting the requirements of § 10 of the Act, 15 U.S.C. § 77j. Civil liability for selling securities in violation of § 5 arises under § 12(1). A seller can also be found liable under § 12(2) "if it is established that: (1) the defendant made a false or misleading statement of material fact or fail(ed) to state a material fact necessary in order to make the statement not misleading; (2) the plaintiff did not know of the truth or omission; and (3) the defendant knew, or in the exercise of reasonable diligence could have known, of the untruth or omission." (*Cook v. Avien, Inc. et al.*, 573 F.2d 685, 693 (C.A. 1, 1978) citing, *Alton Box Board Co. v. Goldman Sachs & Co.*, 560 F.2d 916 (C.A. 8, 1977). Lastly, a seller could also be held liable under § 17(a) of the Act if in the use of the mails or interstate commerce he "(1) employ[s] any device, scheme, or artifice to defraud, or (2) obtain[s] money or property by means of any statement of material fact·or any omission

to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or (3) engage[s] in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser."

The Amended Complaint is devoid of any allegation that the securities involved herein are unregistered. No action is, therefore, cognizable under § 5, or consequently § 12(1).

Insomuch as Plaintiffs' Amended Complaint alleges that the program which they purchased, and subsequently terminated, was not the one promoted and sold by Defendants, it is principally couched under the terms of § 12(2) of the 1933 Act. Defendants argue vehemently that as set forth the Amended Complaint fails to comply with Rule 9(b) of the Fed.R.Civ.P.[2] We disagree. Throughout paragraphs 22–45 there are references to alleged fraudulent written communication: sales literature, pars. 25, 29; prospectus filed with Securities and Exchange Commission, par. 30; sales promotion and literature, par. 31; sales presentation format, par. 35; brochure entitled "A Program Recommendation", par. 36. There is also reference to alleged oral communication: by certain named salesman, par. 22; and by verbal description of program, par. 23. More specifically this oral and written communication was fraudulent and misleading in that it misrepresented: the length or duration of the program before the sellers option was to come into play, pars. 24, 25, 29, 30, 31; the terms of the life insurance coverage of the purchasers, pars. 23, 26, 27; and the interest rates applicable to the moneys borrowed to purchase insurance to pay the annual premiums, par. 28.

If these allegations were conclusory and merely recited the language of the antifraud provisions of the federal securities law they would fail to comply with the

---

1. This second group of Codefendants have, however, filed an answer to the Amended Complaint.

2. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

requirements of Rule 9(b). *Segal v. Gordon*, 467 F.2d 607 (C.A. 2, 1972); *Gissen v. Colorado Interstate Corp.*, 62 F.R.D. 151 (D.Del., 1974). However, while Rule 9 creates an exception to the general requirements of Rule 8(a)[3] it was not meant as an overall policy of abandoning other civil rules or that Rule 9 could not be read together with Rule 8(a)(2), 8(e)(1), 8(f). *Tomera v. Galt*, 511 F.2d 504 (C.A. 7, 1975); *In re: National Student Marketing Litigation*, 413 F.Supp. 1156 (D.C.D.C., 1976); see also Wright and Miller, *Federal Practice and Procedure*, Civil § 1298.

■ The Amended Complaint gives notice as to time, place, documents, and persons involved. It gives notice as to the basic transactions upon which the claim is based. It is therefore sufficient under Rule 9. *B & B Investment Club v. Kleinerts' Inc.*, 391 F.Supp. 720 (E.D.Pa., 1975); *Du Pont v. Wyly*, 61 F.R.D. 615 (D.Del., 1973); *Kramer v. Scientific Control Corp.*, 365 F.Supp. 780 (E.D.Pa., 1973); 2A Moore's, *Federal Practice*, § 8.13 at pp. 1695, 1700 (2d Ed. 1974); *Wright*, supra.

■ Though Plaintiffs' allegations under § 12(2) satisfy the pleading requirements of Rule 9 we nevertheless find they must be dismissed under § 13 of the same Act.[4] Plaintiffs distinctly allege in par. 34 that Defendant Piedmont Trading Corporation released a notice of termination to Plaintiffs on June 1, 1975. The original complaint was filed in June 1977. "The burden of showing compliance with the § 12(2) statutory period of limitations rests on plaintiffs."[5] *Cook*, supra, p. 695. This they have failed to do. Therefore, no relief is available under § 12(2).

■ Plaintiffs factual framework can also be cast against a third provision of the 1933 Act, § 17(a).[6] The facts are sufficiently pleaded under Rule 9, see discussion above. However, the problem we face here is that it is still not settled whether § 17(a) affords a private cause of action for the fraudulent sale of a security. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 734 n. 6, 95 S.Ct. 1917, 44 L.Ed.2d 539, 1975; *Newman v. Prior*, 518 F.2d 97 (C.A. 4, 1975); *Braun v. Stifel, Nicolaus & Co.*, 445 F.Supp. 141 (E.D.Mo., 1978); *Wulc v. Gulf & Western Industries, Inc.*, 400 F.Supp. 99 (E.D.Pa., 1975). Moreover, it is equally unclear whether a private action arises under § 17(a) when all allegations seem more directed at a violation of § 10(b) of the 1934 Act. See: *In Re Equity Funding Corp. of Amer. Sec. Litigation*, 416 F.Supp. 161 n. 16 (C.D.Cal., 1976). While these matters may as yet be open to debate, the First Circuit has apparently, *sub silentio*, recognized such a cause of action. See *Cook v. Arien, Inc.*, supra n. 30. The § 17(a) action would also

3. Which states that a pleader need only present a short and plain statement of his claim.

4. § 13, 15 U.S.C. § 77m:
    "No action shall be maintained to enforce any liability created under section 77k or 77*l* (2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence."

5. It is the general rule in the federal courts that, when the very statute which creates the cause of action also contains a limitation period, the statute of limitations not only bars the remedy but also destroys the liability, and therefore the Plaintiff *must plead* and prove facts showing that he is within the statute. This view has been consistently followed under the Securities Act. (emphasis ours). *Cook*, supra, citing 3 L. Loss-*Securities Regulations*, ch. 11C(1)(f)(ii) at 1744, 2d ed. 1961.

6. § 17(a), 15 U.S.C. § 77q
    "(a) It shall be unlawful for any person in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly.—
    (1) to employ any device, scheme, or artifice to defraud
    (2) to obtain money or property by means of any untrue statement of material fact or any omission to state a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading or
    (3) to engage in any transaction, practice, or course of business which operates or would operate as fraud or deceit upon the purchaser."

be free from the limitation requirements of § 12(2). *Newman v. Prior*, supra. Under this section the applicable statute of limitations would be that applied in the local forum to an analogous action. Since the parties have not raised, nor argued this issue, it is not now before us, thus we make no intimations as to what Commonwealth limitation period would control.

## II

Plaintiffs' second and fourth claims of relief are brought pursuant to the Securities and Exchange Act of 1934, and Rule 10b–5 promulgated thereunder by the Securities and Exchange Commission, 17 C.F.R. § 240.10b–5. We have concluded that Plaintiffs claim fraud in their purchase. Therefore, the claims are clearly founded on § 10(b) of the Act and Rule 10b–5.[7] Both generally prohibit the use of any manipulative or deceptive device or contrivance in the sale of securities. This is in essence the same interest and right protected by § 12(2) and § 17(a) of the 1933 Act. We need not repeat what we have stated with respect to Rule 9.[8] Because it is settled that § 10(b) affords a private cause of action, *Superintendent of Insurance v. Bankers Life Insurance & Casualty Co.*, 404 U.S. 6, 92 S.Ct. 165, 30 L.Ed.2d 128 (1971), no problems inherent under § 17(a)

of the 1933 Act are involved. Furthermore the "in connection with the purchase or sale of any security" requirement is met because Plaintiffs plead fraud in connection with the purchase, pars. 26, 29, 37 of the Amended Complaint. *Blue Chip Stamps v. Manor Drug Stores*, supra. There are also allegations of intent to deceive, manipulate or defraud. See pars. 25, 28, 29, 32, 35 and 37 of Amended Complaint. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). Lastly, as occurs under § 17(a) of the 1933 Act, no compliance with a limitations period need be pleaded. Under § 10(b) and Rule 10b–5 the applicable limitations period would be that applicable to an analogous cause of action under state law. *Ernst & Ernst v. Hochfelder*, supra, p. 210, n. 29, 96 S.Ct. 1375, *Cook v. Arien, Inc.*, supra, pp. 694–695. This issue not being raised, we again make no findings on this matter.

## III

Plaintiffs' third claim for relief is predicated on the Investment Company Act of 1940. Besides the factual allegations as set out in paragraphs 22 through 45, this claim of relief is supported by six additional paragraphs at page 10 of the Amended Complaint.[9] In essence Plaintiff alleges that the Defendants violated their statutory and

---

**7.** § 10(b), 15 U.S.C. § 78j, makes it "unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or any facility of any national securities exchange.—

(a) . . .

(b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors." Rule 10b–5 provides:

"it shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,

(a) to employ any device, scheme or artifice to defraud

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security."

**8.** Section 17(a) of the 1933 Act and § 10(b) and Rule 10b–5 of the 1934 Act are essentially the same. The elements to be proved under either are scienter, materiality, reliance, and due care. *Wright & Heizer Corp.*, 560 F.2d 236 (C.A. 7, 1977); *Osadchy v. Gans*, 436 F.Supp. 677 (D.N.J., 1977); *Jackson v. Oppenheim*, 411 F.Supp. 659, aff'd 533 F.2d 826 (C.A. 2, 1974).

**9.** Pars. 57–62, Amended Complaint.

fiduciary duty in the management of the open end accounts and that they made false representations of material facts.[10]

■ The Investment Companies Act was enacted by Congress to correct and prevent a variety of abuses in the management of investment companies such as mismanagement of portfolios, and changes in the company's character without stockholder consent. *Goodall v. Columbia Ventures, Inc.*, 374 F.Supp. 1324 (S.D.N.Y., 1974). In enacting the Act Congress created a pervasive regulatory program aimed at countering specific categories of abuse directed at shareholders. See *Harriman v. E. I. Dupont de Nemours & Co.*, 411 F.Supp. 133, 157 (D.Del., 1975). Although the Act does not expressly create a private cause of action, such an action has been generally held to be implied. *Brown v. Bullock*, 294 F.2d 415 (C.A. 2, 1961).

To effectuate its purpose Congress set forth certain specific prohibitions. These prohibitions are specifically directed at correcting abuses in self dealing and insider and affiliate interest profiting at the expense of the shareholders. See 1970 U.S. Code Cong. & Admin.News, p. 4897, *United States v. Smolar*, 557 F.2d 13 (C.A. 1, 1977); *Securities and Exchange Commission v. Commonwealth Chemical Securities, Inc.*, 410 F.Supp. 1002 (S.D.N.Y., 1976). We have carefully examined all such limitations. Under none can we embody Plaintiffs' claim of relief under their particular factual allegations. The Amended Complaint simply does not allege:

(§ 7) that the investment company was unregistered, or

(§ 9) that certain persons (e. g. convicted of certain types of misconduct), served in certain capacities (officer, director, etc.), or

(§ 10) that more than 60% of the members of the investment company are "interested persons", or

(§ 17) that any "affiliated person of such a person" has knowingly sold any security to that investment company, or

(§ 34) that an untrue statement of a material fact was made on such type of report or record as required by § 34 or by § 31(a) of the Act, or [11]

(§ 36) that Defendants committed any acts which would constitute larceny or embezzlement of any moneys, funds, securities, credits, property, or assets of any registered investment company, or

(§ 48) that Defendants caused to be done indirectly, any act directly prohibited by the Act.[12]

■ In short, there are no allegations of any wrongdoing within the relationship of investment company vis-a-vis investment adviser. We therefore cannot agree that the provisions of the 1940 Act were intended to embrace the types of acts alleged by Plaintiffs. See e. g. analysis of 15 U.S.C. § 80.15, *Securities and Exchange Commission v. Insurance Securities*, 254 F.2d 642 (C.A. 9, 1958). "The present transaction[s] [were] not that of insiders working in their own interest and against that of the investment company or its shareholders. Thus, the circumstances of this case do not constitute the evils against which the Act was directed." *Mathers Fund, Inc. v. Colwell Co.*, 564 F.2d 780, 784 (C.A. 7, 1977). The transactions involved herein, are correctly brought under § 12(2), § 17(a) of the 1933 Act, and § 10(b) and Rule 10b–5 under the 1934 Act, and so we have held. Thus, we conclude that even when read with required liberality, *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), Plaintiffs' Amended Complaint fails to state a claim upon which any relief may be granted under the 1940 Act.

---

10. Pars. 59–60, Amended Complaint.

11. See e. g. *Tannebaum v. Zeller*, 552 F.2d 402, 416–417 (C.A. 2, 1977); *Halligan v. Standard & Poor's Intercapital Inc.*, 434 F.Supp. 1082 (E.D. N.Y., 1977).

12. The Investment Act contains 52 sections we have singled out the above as coming closest to the limitations of § 12(2), 17(a), 10(b) and Rule 10b–5.

## IV

Plaintiffs' eighth claim of relief is based on the Uniform Securities Act of Puerto Rico. The pertinent Section under that Act reads:

"(a) Any person who

(2) offers or sells a security by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading (the buyer not knowing of the untruth or omission), and who does not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of the untruth or omission, is liable to the person buying the security from him . . ." 10 L.P.R.A. § 890.

This section is for all practical purposes a verbatim repetition of Section 17(a) of the 1933 Act and Rule 10b–5(2) of the 1934 Act. Insomuch as we have found Plaintiffs' Amended Complaint sufficient against this same language under Rule 9(b) and 12(a), (b) of the Fed.R.Civ.P. we must, *a fortiori*, reach the same conclusion under the local Securities Act. Likewise we dismiss as unfounded the arguments of certain Defendants that Plaintiffs' allegations are insufficient under local law.[13]

Plaintiffs' ninth claim of relief is founded on the Investment Advisers Act of Puerto Rico. This Act is closely modeled after the Investment Act of 1940 (before amendments of 1970). It is directed against that same type of mismanagement and insider manipulations against which the federal act was created. We have discussed the federal act and we have found that the present transactions do not fall within the scope of that Act. We fail to see how we cannot reach a similar conclusion under the local Investment Act. There are simply no allegations of violations of any of the prohi-

bitions of this Act. In examining the local Act, we also question, without reaching any conclusion, whether it gives rise to a private cause of action, or whether it was so intended. We note there has been no judicial interpretation of this Act.

Plaintiffs' remaining claims of relief are all predicated on several provisions of the Civil Code of Puerto Rico. These generally seek the nullity and rescission of the investment program contracts between the buyer and the seller, and the award of damages resulting therefrom. Once again, having found Plaintiffs' allegations sufficient under the more specific securities laws we can but find them sufficient under more general contract law.

For all the above reasons Defendants' Motion to Dismiss claims under § 5 and § 12(2) of the 1933 Act, claims under the Investment Act of 1940, and the Investment Act of Puerto Rico are hereby GRANTED. Defendants' Motion to Dismiss claims under § 17(a) of the 1933 Act, § 10(b) and Rule 10b–5 of the 1934 Act, the Uniform Act of Puerto Rico and claims under the Civil Code are, at this time, DENIED.

Those Defendants who have not yet done so are hereby given a term of TWENTY DAYS (20) in which to file a responsive pleading.

IT IS SO ORDERED.

---

**13.** Motion to Dismiss filed by Lexington Research, Inc., Lexington Growth Fund, Inc. and Lexington Income Fund, Inc.