533 F.2d 372
 Blue Sky L. Rep. P 71,285, Fed. Sec. L. Rep. P 95,478
In re ALODEX CORPORATION SECURITIES LITIGATION.
Marlin COLE, Appellant,
v.
ALODEX CORPORATION, et al., Appellees.
Constance N. BELIN and David W. Belin, Appellants,
v.
ALODEX CORPORATION, et al., Appellees.
 No. 75-1649.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 9, 1976.
Decided March 24, 1976.
 
 L. R. Voigts, Des Moines, Iowa, for appellants. Mr. Voigts also filed appendix, brief and reply brief. Other name appearing on briefs is Marvin J. Klass, Sioux City, Iowa.
 James E. Tolan, Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for appellees. Mr. Tolan also filed brief. Other names appearing on brief are Peter Aron, New York City, and Michael P. Joynt, Des Moines, Iowa.
 Before GIBSON, Chief Judge, and HEANEY and WEBSTER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs, David Belin, Constance Belin and Marlin Cole appeal from a judgment of the District Court,[1] which dismissed their action against defendants Harris, Kerr, Forster & Company (Harris), Alodex Corporation, and named individuals who had been affiliated with Alodex. Plaintiffs' action was premised upon § 10 of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (1970), and Rule 10b-5, 17 C.F.R. § 240.10b-5 (1975), which was promulgated pursuant to § 10. The basis for the District Court's dismissal was the plaintiffs' failure to institute their action within the appropriate state statute of limitations period.
 
 
 2
 On April 29, 1969, plaintiffs entered into a merger agreement with a corporate predecessor of Alodex to exchange their personal stock in several Iowa corporations for stock in the Alodex predecessor. Prior to the consummation of this stock-for-stock exchange Harris, serving as an independent auditor for the Alodex predecessor, prepared an opinion letter which reported on a financial statement of the predecessor. The plaintiffs allegedly relied on the opinion letter and financial statement when they entered into the merger agreement. It was subsequently ascertained that the financial statement was inaccurate in various respects. The District Court found that plaintiffs were actually or constructively aware that they had claims against defendants by July, 1971. Nevertheless, the present actions were not commenced until over two years had expired from this date.
 
 
 3
 The District Court ruled, in an opinion reported at 392 F.Supp. 672 (S.D.Ia.1975), that these actions were not timely filed because the two-year statute of limitations contained in the Iowa Blue Sky law, Iowa Code § 502.23 (1975), governed in this litigation. Plaintiffs argue for the five-year statute of limitations applicable to common law fraud actions in Iowa. Iowa Code § 614.1(4) (1975).
 
 
 4
 Since Rule 10b-5 and its statutory counterpart contain no statute of limitations, federal district courts have been obligated to review the relevant state law in order to determine which local period of limitation best effectuates the federal policy underlying Rule 10b-5. Vanderboom v. Sexton, 422 F.2d 1233, 1237 (8th Cir.), cert. denied, 400 U.S. 852, 91 S.Ct. 47, 27 L.Ed.2d 90 (1970); see United Auto Workers v. Hoosier Cardinal Corp., 383 U.S. 696, 704-05, 86 S.Ct. 1107, 1112-1113, 16 L.Ed.2d 192, 198-199 (1966). Vanderboom v. Sexton, supra, viewed two factors to be significant in determining which particular state statute of limitations should be applied in a Rule 10b-5 case: (1) does the state statute share a common purpose with Rule 10b-5, and (2) does the state statute permit the assertion of substantially the same defenses that are available in a Rule 10b-5 case?
 
 
 5
 Applying these principles to the present case, the District Court properly concluded that there is a commonality of purpose between the Iowa Blue Sky statute and Rule 10b-5. In Vanderboom v. Sexton, supra at 1237, this court's decision to apply the period of limitations specified in the Arkansas Blue Sky Law was motivated by the fact that the Blue Sky statute, like Rule 10b-5, "deals expressly with the sale of securities."
 
 
 6
 As to the second prong of the Vanderboom case, it is necessary to examine what defenses are allowed in the state cause of action relied upon by the various parties as establishing the appropriate statute of limitations. If there is a manifest minimization of assertible defenses available in a particular state cause of action which is analogous to Rule 10b-5, the statute of limitations for that cause of action should be applied since it would more closely approximate the federal policy and proof requirements of Rule 10b-5. Vanderboom v. Sexton, supra at 1238-40. This inquiry and conclusion are compelled because this court has held that scienter need not be proved in a Rule 10b-5 case to establish liability. Myzel v. Fields, 386 F.2d 718, 734-35 (8th Cir. 1967), cert. denied, 396 U.S. 951, 88 S.Ct. 1043, 19 L.Ed.2d 1143 (1968).
 
 
 7
 Plaintiffs contend that scienter is not required in common law fraud actions in Iowa where the defendant's "special situation or means of knowledge were such as to make it his duty to know as to the truth or falsity of the representation." Tott v. Duggan, 199 Iowa 238, 242, 200 N.W. 411, 413 (1924). Plaintiffs urge that, since their allegations fall within this exception to the scienter requirement in fraud cases, the five-year statute of limitations for common law fraud should apply to the present case. However, the District Court concluded that scienter is always an element of proof in a fraud case, Wyckoff v. A & J Home Benevolent Association, 254 Iowa 653, 119 N.W.2d 126 (1962), although it may be implied in certain situations or established by circumstantial evidence. Tott v. Duggan, supra ; see Vanderboom v. Sexton, supra at 1239. Consequently, the common law fraud action in Iowa does not mirror the Rule 10b-5 non-scienter principle.
 
 
 8
 As to whether the Iowa Blue Sky statute requires scienter, the District Court ruled that scienter would not be required in a Blue Sky action based upon the facts of the present case. The District Court construed Iowa Code § 502.26, a general provision in the Blue Sky law proscribing the making of certain false statements relating to a corporate financial condition, as creating a civil remedy for the plaintiffs had they proceeded in the state courts. Since § 502.26 does not require scienter, it resembles Rule 10b-5; thus, the two-year statute of limitations in the Blue Sky law is applicable.
 
 
 9
 Upon our review of the records, briefs and arguments of the parties, we affirm on the basis of the well-reasoned District Court opinion. The decision rested largely upon an interpretation of state law and we give great weight to the District Court's interpretation. Luke v. American Family Mutual Insurance Co., 476 F.2d 1015, 1019 (8th Cir.), cert. denied, 414 U.S. 856, 94 S.Ct. 158, 38 L.Ed.2d 105 (1973).
 
 
 10
 Judgment affirmed.
 
 
 
 [1]
 The Honorable William C. Hanson, Chief Judge, United States District Court for the Southern District of Iowa