600 F.2d 139
 Fed. Sec. L. Rep. P 96,895
Margaret MORRIS, Appellant,
v.
STIFEL, NICOLAUS & CO., INC., and Kingsley O. Wright, Sr.,
Appellees.
Mary A. BRAUN, Appellant,
v.
STIFEL, NICOLAUS & CO., INC., Kingsley O. Wright, and
Theodore Menas, Appellees.
 Nos. 78-1110, 78-1160.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 14, 1978.
Decided June 7, 1979.
 
 1
 William Stix, St. Louis, Mo., for appellants.
 
 
 2
 John R. Musgrave (on brief), of Coburn, Croft, Shepherd, Herzog & Putzell, St. Louis, Mo., argued, for appellees; Richard B. Specter and Adrian L. Steel, Jr., St. Louis, Mo., on brief.
 
 
 3
 Before HEANEY and STEPHENSON, Circuit Judges, and HANSON,* Senior District Judge.
 
 
 4
 HANSON, Senior District Judge.
 
 
 5
 This is a consolidated appeal from summary judgment against appellant Margaret Morris in Morris v. Stifel, Nicolaus & Co., Inc.[1] and against appellant Braun in Braun v. Stifel, Nicolaus & Co., Inc.[2] Count I of Morris' two-count complaint alleged violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b-5 promulgated thereunder.[3] Braun's six-count complaint similarly charged violations of Section 10(b) and Rule 10b-5 (Count I), and also violations of the "suitability rule" of the National Association of Securities Dealers (NASD) (Count III).[4] See 15 U.S.C. § 78O.
 
 
 6
 The district court[5] held that the appellants' claims were barred by the two-year statute of limitations provided by the Missouri blue sky statute,[6] Mo.Rev.Stat. § 409.411(e) (1969) and rejected the contention that the statute of limitations in Mo.Rev.Stat. § 516.120 (1969) governing common law fraud applied. It was undisputed that under the federal tolling doctrine[7] Braun's cause of action began to run in September 1974, but that she delayed the filing of her action until December 1976. Similarly, Morris brought her action in July 1977, although her cause of action commenced to run in July 1974. The only issue presented on appeal is whether the district court properly applied the two-year blue sky limitations period contained in section 409.411 to appellants' federal securities claims, or whether the court should have instead applied the five-year period provided in section 516.120 for common law fraud. We note that a motion for summary judgment is an appropriate method for raising a statute of limitations defense, Kern v. Tri-State Ins. Co., 386 F.2d 754, 756-57 (8th Cir. 1968), and that the moving party (Stifel) bears the burden to establish that there is no genuine issue of material fact. Rule 56(c), F.R.Civ.P.
 
 I.
 
 7
 The technique of looking to state law to determine the timeliness of a federal cause of action has been uniformly and consistently employed by the federal judiciary in the context of securities actions when no federal limitations period is provided. See, e. g., Gaudin v. KDI Corp., 576 F.2d 708, 711 (6th Cir. 1978); Nortek, Inc. v. Alexander Grant & Co., 532 F.2d 1013, 1015 (5th Cir.), Cert. denied, 429 U.S. 1042, 97 S.Ct. 742, 50 L.Ed.2d 754 (1976); Newman v. Prior, 518 F.2d 97, 99 (4th Cir. 1975); Berry Petroleum Co. v. Adams & Peck, 518 F.2d 402, 406 (2d Cir. 1975); Schaefer v. First National Bank of Lincolnwood, 509 F.2d 1287, 1294, (7th Cir. 1975), Cert. denied, 425 U.S. 943, 96 S.Ct. 1682, 48 L.Ed.2d 186 (1976); Douglass v. Glenn E. Hinton Investments, Inc., 440 F.2d 912, 914 (9th Cir. 1971); Vanderboom v. Sexton, 422 F.2d 1233, 1236-37 (8th Cir. 1970), Cert. denied, 400 U.S. 852, 91 S.Ct. 47, 27 L.Ed.2d 90 (1970); See Note, The Defective Private Offering: A Comparison of Purchasers' Remedies, 62 Iowa L.Rev. 236, 265-66 (1976). In Vanderboom v. Sexton, supra, this Court adopted the standard set forth in Charney v. Thomas, 372 F.2d 97, 100 (6th Cir. 1967) for determining which of the various local periods of limitation to utilize for Rule 10b-5 actions. We stated that the appropriate statute should be the "one which best effectuates the federal policy at issue." Vanderboom v. Sexton, 422 F.2d at 1237; See Hudak v. Economic Research Analysts, Inc.,499 F.2d 996, 999 (5th Cir.), Cert. denied, 419 U.S. 1122, 95 S.Ct. 805, 42 L.Ed.2d 821 (1974); Parrent v. Midwest Rug Mills, Inc., 455 F.2d 123, 125 (7th Cir. 1972). In the cases on appeal there are two competing local statutes of limitations, each of which arguably "best effectuates the federal policy at issue." One is section 516.120,[8] which governs, Inter alia, common law fraud and provides for a five-year period of limitations; the other is section 409.411 of the Missouri blue sky statute, providing for a two-year limitations period. To the extent resolution of the issue involves questions of local law, we have given the district court's views the weight they are entitled to. In re Alodex Corporation Securities Litigation, 533 F.2d 372, 374 (8th Cir. 1976).
 
 
 8
 The question of whether Missouri's blue sky or fraud period of limitations should apply to Rule 10b-5 actions commenced in Missouri federal courts has not previously been resolved by this Court.[9] However, twice past we have been presented with similar issues and contentions regarding the timeliness of an action brought under Rule 10b-5. In the first case, Vanderboom v. Sexton, supra, the Court set forth the test by which to determine which state statute best effectuates the policy of section 10(b). The Vanderboom court concluded that it was appropriate to look to the law of the forum state "which bears the Closest resemblance to the federal statute involved." (Emphasis added.) 422 F.2d at 1237-38. This inquiry, in turn, focused on an examination of two factors: (1) the extent to which the state statute shares a common purpose with the federal statute; and (2) whether the state statute permits the assertion of substantially the same defenses available under the federal statute. Id.; See In re Alodex Corporation Securities Litigation, 533 F.2d at 373. After examining the competing Arkansas statutes in issue one governing common law fraud and the other pertaining to actions based on the state's blue sky law the Court held that the Arkansas blue sky statute bore the closest resemblance to section 10(b). In so holding, the Court found a distinct commonality of purpose lacking between section 10(b) and Arkansas common law fraud; and similarly, the Court found that section 10(b) and common law fraud did not have a congruence of substantially the same defenses. Id. at 1238-39.
 
 
 9
 Subsequently, in In re Alodex Corporation Securities Litigation, supra, this Court was faced with the Vanderboom issue in the context of Iowa law. On the basis of the analysis articulated in Vanderboom, we affirmed the district court's judgment dismissing a Rule 10b-5 action because the timeliness of the action was controlled by the two-year period governing actions brought under the Iowa Securities Act. In rejecting the contention that the Iowa statute of limitations for common law fraud governed the timeliness of the plaintiff's action, we concluded:
 
 
 10
 (T)here is a commonality of purpose between the Iowa Blue Sky statute and Rule 10b-5. In Vanderboom v. Sexton, supra, at 1237, this court's decision to apply the period of limitations specified in the Arkansas Blue Sky Law was motivated by the fact that the Blue Sky statute, like Rule 10b-5, "deals expressly with the sale of securities."
 
 
 11
 As to the second prong of the Vanderboom case, it is necessary to examine what defenses are allowed in the state cause of action relied upon by the various parties as establishing the appropriate statute of limitations. If there is a manifest minimization of assertible defenses available in a particular state cause of action which is analogous to Rule 10b-5, the statute of limitations for that cause of action should be applied since it would more closely approximate the federal policy and proof requirements of Rule 10b-5. . . . This inquiry and conclusion are compelled because this court has held that scienter need not be proved in a Rule 10b-5 case to establish liability. Myzel v. Fields, 386 F.2d 718, 734-35 (8th Cir. 1967), Cert. denied, 390 U.S. 951, 88 S.Ct. 1043, 19 L.Ed.2d 1043 (1968). (Emphasis added.)
 
 
 12
 Id. at 373.
 
 
 13
 A significant change in the federal securities law occurred four days after the Alodex decision. In Ernst & Ernst v. Hochfelder, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976), the United States Supreme Court held that scienter was a Sine qua non for liability in a private action for damages brought under Rule 10b-5. In other words, such action cannot lie "in the absence of any allegation of 'scienter' intent to deceive, manipulate, or defraud." Id. at 193, 96 S.Ct. at 1381. The effect of the Ernst & Ernst holding was to abrogate this Court's view that negligent as well as intentional misrepresentations were sufficient to establish liability under Rule 10b-5. The Vanderboom resemblance test survives the Ernst & Ernst decision, Dirksen v. Hynes & Howes Insurance Counselors, Inc., 423 F.Supp. 1290, 1292 (S.D.Iowa 1976); Bailey v. Piper, Jaffray & Hopwood, Inc., 414 F.Supp. 475, 479 (D.Minn.1976), and is appropriately applied to determine the effect of Ernst & Ernst on the selection of a state limitations period. In this regard, our task is to examine the congruence of purpose and defenses as between Rule 10b-5 actions on the one hand, and Missouri blue sky law and common law fraud on the other in the light of Rule 10b-5's newly articulated scienter requirement.
 
 II.
 A. Commonality of Purpose
 
 14
 Modeled after Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), Rule 10b-5 was promulgated by the Securities and Exchange Commission "in the public interest or for the protection of investors." 15 U.S.C. § 78j(a). Rule 10b-5 defines and has been held to afford a remedy for fraudulent misrepresentations or omissions of material fact in connection with the purchase or sale of securities. See St. Louis Union Trust Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 562 F.2d 1040, 1048 (8th Cir. 1977), Cert. denied, 435 U.S. 925, 98 S.Ct. 1490, 55 L.Ed.2d 519 (1978).
 
 Rule 10b-5 provides:
 
 15
 It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,
 
 
 16
 (a) To employ any device, scheme, or artifice to defraud,
 
 
 17
 (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading or
 
 
 18
 (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.
 
 
 19
 Section 409.411, in its pertinent part, states:(a) Any person who
 
 
 20
 (2) offers or sells a security by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading (the buyer not knowing of the untruth or omission), and who does not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of the untruth or omission, is liable to the person buying the security from him . . . .
 
 
 21
 As a result of the additional first and third clauses of Rule 10b-5, the added burden on plaintiffs to prove an intentional misrepresentation, and the fact that relief is available to both the purchasers and sellers in a 10b-5 action, section 409.411 is not coextensive with Rule 10b-5 or section 10(b). Both the underlying federal and state statutes, however, deal expressly with the sale of securities; and both proscribe misrepresentations or omissions to state material facts in connection therewith. Moreover, the Missouri blue sky statute evinces the same fundamental purpose as the federal securities acts of "implementing a 'philosophy of full disclosure'." Santa Fe Industries, Inc. v. Green, 430 U.S. 462, 477-78, 97 S.Ct. 1292, 1303, 51 L.Ed.2d 480 (1977). These are the critical concerns in ascertaining a commonality of purpose. See In re Alodex Corporation Securities Litigation, 533 F.2d at 373; Vanderboom v. Sexton, 422 F.2d at 1237.
 
 
 22
 The appellants, relying on IDS Progressive Fund, Inc. v. First of Michigan Corp., 533 F.2d 340, 342-43 (6th Cir. 1976), argue that since section 409.411 by its terms protects only purchasers of securities whereas Rule 10b-5 protects purchasers and sellers there is no commonality of purpose between the two. Further, appellants contend that Ernst & Ernst has altered the scope of Rule 10b-5 actions since a cause of action for damages under the Rule must now be predicated on a showing of intentional misrepresentation. This change has resulted in a commonality of purpose between common law fraud and section 10(b), appellants conclude, because common law fraud in Missouri is said to require scienter, unlike actions brought under 409.411.[10] We have some question as to appellants' premise that Missouri common law fraud requires scienter as defined by the Supreme Court in Ernst & Ernst, 425 U.S. at 194 n. 12, 96 S.Ct. 1375. A significant body of Missouri case law indicates that, contrary to the Arkansas law at issue in Vanderboom, 422 F.2d at 1239, a plaintiff need not establish an intentional misrepresentation as an element of common law fraud. As the Missouri Court of Appeals stated in Wilson v. Murch, 354 S.W.2d 332, 338-39 (Mo.App.1962):
 
 
 23
 To recover for fraudulent representations, it is not necessary that it be shown that defendant had actual knowledge of the falsity of the facts stated by him. It is sufficient that he made the representations with the consciousness that he was without knowledge as to their truth or falsity, when, in fact, they were false. Luikart v. Miller, Mo., 48 S.W.2d 867; Gadberry v. Bolton, Mo.App., 242 S.W. 688; Peters v. Lohman, 171 Mo.App. 465, 156 S.W. 783.
 
 
 24
 See State of Missouri v. Independence Dodge, Inc., 494 S.W.2d 362, 368 (Mo.1973); Ackmann v. Keeney-Toelle Real Estate Co., 401 S.W.2d 483, 489 (Mo.1966). It seems therefore that reckless, and arguably some species of negligent conduct can under certain circumstances be fraudulent in Missouri. In any event, we agree with the district court that section 10(b)'s purpose is more closely akin to that of section 409.411. Though section 10(b) and Rule 10b-5 are in some respects variously broader and narrower substantively than section 409.411, the conduct regulated by each relates to particular types of transactions regarding which the common law of fraud was not alone a sufficient remedy. Further, Ernst & Ernst has not changed our conclusion in Vanderboom and Alodex that ordinarily there is a distinct commonality shared by section 10(b) and a state's blue sky statute. See A. Bromberg, Securities Law: Fraud, § 8.4(210), at 204.1; 6 L. Loss, Securities Regulation 3902 (2d ed. 1961); Martin, Statute of Limitations in 10b-5 Actions: Which State Statute is Applicable?, 29 Bus.Law 443, 459 (1974). See also Garnatz v. Stifel, Nicolaus & Co., 559 F.2d 1357, 1363 (8th Cir. 1977), Cert. denied, 435 U.S. 951, 98 S.Ct. 1578, 55 L.Ed.2d 801 (1978). State and federal securities laws focused on achieving substantially the same end share a distinct purpose much more narrow than the broad law of fraud and much more congruent. See Bailey v. Piper, Jaffray & Hopwood, 414 F.Supp. at 482-83.
 
 B. Similarity of Defenses
 
 25
 Ernst & Ernst's impact on the Vanderboom analysis is more readily discernible with regard to the similarity of defenses factor. The appellants contend that since scienter is required to establish common law fraud and a violation of Rule 10b-5, but not under section 409.411, it is conclusive that there is a congruence of defenses between common law fraud and Rule 10b-5. Appellants argue further that this finding precludes the application of section 409.411 to appellants' claims based on Rule 10b-5 violations. Again, lack of intentional misrepresentation is not necessarily a defense to common law fraud in Missouri. But we do recognize that Ernst & Ernst had the effect in this circuit of adding a defense to a Rule 10b-5 violation not available in an action under section 409.411 on the question of the defendant's mental state. It does not follow, however, that the addition of an element to a Rule 10b-5 action making available an additional defense causes Rule 10b-5 and common law fraud to bear a closer resemblance than the rule and section 409.411. Vanderboom did not establish conjunctive prerequisites for the application of a state's blue sky statute. This Court merely articulated two factors to guide a federal court in its selection of state statutes of limitations for actions brought under Rule 10b-5. Greater similarity of defenses between Rule 10b-5 and common law fraud therefore does not, standing alone, require the Court to apply the period of limitations governing common law fraud. Rather, the Vanderboom analysis hinges upon a weighing of commonality of purpose together with similarity of defenses in determining the appropriate state statute of limitations for a Rule 10b-5 action.
 
 
 26
 What Ernst & Ernst does with respect to the approach taken in this circuit is potentiate situations such as here in which the commonality of purpose and similarity of defenses factors cut in different directions. When the ultimate question is which limitations period best effectuates federal policy underlying section 10(b) and Rule 10b-5, we believe commonality of purpose weighs more heavily in the final balance if the federal and state securities statutes share a substantial congruence in this regard, and the variance in defenses under the respective statutes does not result in two fundamentally different causes of action. We have already noted the congruence in purpose. Likewise, 10b-5 actions and section 409.411 actions both remedy misrepresentations or omissions to state material facts in connection with the sale of securities. As Judge Alsop has observed somewhat differently: "resemblance must be determined not by reference to general state anti-fraud provisions, but by reference to Securities fraud." (Emphasis original.) Bailey v. Piper, Jaffray & Hopwood, 414 F.Supp. at 482-83.
 
 
 27
 This perspective is consistent with if not implicit in the holdings of the majority of courts faced with similar issues in the wake of Ernst & Ernst. In many such cases, the state blue sky statute in issue was, like the Missouri statute here and the Arkansas statute in Vanderboom, patterned after section 410 of the Uniform Securities Act. See Forrestal Village v. Graham, 179 U.S.App.D.C. 225, 228, 551 F.2d 411, 414 (applying District of Columbia blue sky law); Osterneck v. E. T. Barwick Industries, Inc., 79 F.R.D. 47 (1978 Transfer Binder) Fed.Sec.L.Rep. (CCH) P 96,498 (N.D.Ga. May 10, 1978); McNeal v. Paine, Webber, Jackson & Curtis, Inc., 429 F.Supp. 359, 363 (N.D.Ga.1977) (applying Georgia blue sky law); Bailey v. Piper, Jaffray & Hopwood, Inc., 414 F.Supp. 475, 582 (D.Minn.1976) (applying Minnesota blue sky law). See also Dupuy v. Dupuy, 551 F.2d 1005, 1023-24 n. 31 (5th Cir.), Cert. denied, 434 U.S. 911, 98 S.Ct. 312, 54 L.Ed.2d 197 (1977); LaRosa Building Corp. v. The Equitable Life Assurance Society, 542 F.2d 990 (7th Cir. 1976) (applying Indiana blue sky law); Colonial Bank & Trust v. American Bankshares Corp., 442 F.Supp. 234 (E.D.Wis.1977) (applying Wisconsin blue sky law); Reid v. Madison, 438 F.Supp. 332 (E.D.Va.1977) (applying Virginia blue sky law); Dirksen v. Hynes & Howes Insurance Counselors, Inc., 423 F.Supp. 1290 (S.D.Iowa 1976) (applying Iowa blue sky law).
 
 
 28
 Two Sixth Circuit cases, Nickels v. Koehler Management Corp., 541 F.2d 611 (6th Cir.), Cert. denied, 429 U.S. 1074, 97 S.Ct. 813, 50 L.Ed.2d 792 (1976) (applying Ohio common law fraud statute) and IDS Progressive Fund, Inc. v. First of Michigan, 533 F.2d 340 (6th Cir. 1976) (applying Michigan common law fraud statute) provide limited support for the appellants' contentions. However, the Sixth Circuit based its determination to apply the period of limitations for common law fraud in part on (1) the need for continuity in its decisions, and (2) the belief that federal securities acts are "best served by a longer, not a shorter statute of limitations." IDS Progressive Fund, Inc. v. First of Michigan Corp., 533 F.2d at 344; See Nickels v. Koehler Management Corp., 541 F.2d at 614. Dating back to its decision in Connelly v. Balkwell, 279 F.2d 685 (6th Cir. 1960), that Circuit has consistently favored applying the period of limitations for common law fraud as opposed to the period governing state blue sky actions. In the Nickels and IDS Progressive Fund cases, the court emphasized its continued preference for applying the period of limitations for common law fraud to Rule 10b-5 actions. "(F)ederal policy will be best served by the Continued application of the four year limitation period that we approved in Connelly v. Balkwell . . . ." (Emphasis original.) Nickels v. Koehler Management Corp., 541 F.2d at 618; See IDS Progressive Fund v. First of Michigan Corp., 533 F.2d at 343. We agree with the Sixth Circuit on the importance of Stare decisis to the extent that what statute of limitations applies should be relatively fixed and ascertainable. Parties rely on the limitations period and it would be counterproductive to apply the Vanderboom factors with over-refined emphasis on detail resulting in an elastic limitations period swaying to nonfundamental alterations in individual elements of the state or federal statutes in issue. See United California Bank v. Salik, 481 F.2d 1012, 1015 (9th Cir.), Cert. denied, 414 U.S. 1004, 94 S.Ct. 361, 38 L.Ed.2d 240 (1973). Thus we are reluctant to suggest that the addition of the scienter element to 10b-5 actions necessitates a different result than that reached in Alodex and Vanderboom. We are also unpersuaded that longer limitations periods best serve federal securities policy as a general premise. The equitable tolling doctrine, note 7 Ante, protects prospective plaintiffs from concealment of the misrepresentation. Further, those provisions of the securities acts which do contain specific limitation periods for private actions generally limit the bringing of actions to one year after discovery of the pertinent facts up to a maximum of three years after the actionable facts occurred,[11] a circumstance which does not betray a congressional preference for longer statutes of limitation and, indeed, quite apart from resemblance, would indicate that the Missouri blue sky two-year period better effectuates federal securities policy.
 
 
 29
 Although section 409.411 is not identical with section 10(b) and Rule 10b-5, we conclude that the two statutes bear a marked resemblance in both purpose and substance. This similarity predominates over the differences between section 10(b) and the Missouri blue sky statute. Therefore, we conclude that the two-year period of limitation in section 409.411 was properly applied by the district court as best effectuating the policies underlying the federal securities laws.
 
 III.
 
 30
 One final matter remains. Count III of appellant Braun's complaint alleges violations of the NASD "suitability rule." Whether and to what extent a private cause of action is available for damage to a customer through a violation of a private trade association rule are questions this Court has not conclusively resolved. See Shull v. Dain, Kalman & Quail, Inc., 561 F.2d 152, 160 (8th Cir. 1977), Cert. denied, 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978); Lincoln Commodity Services v. Meade, 558 F.2d 469, 474 n. 1 (8th Cir. 1977); But see Nelson v. Hench, 428 F.Supp. 411, 420 (D.Minn.1977). It is not necessary to determine the issue under the present circumstances. The Court finds no distinguishing reason for limitations purposes to treat appellant's claim under the "suitability rule" different than her claim based on Rule 10b-5 violations.
 
 
 31
 Affirmed.
 
 
 
 *
 The Honorable William C. Hanson, Senior United States District Judge, Southern District of Iowa, sitting by designation
 
 
 [1]
 440 F.Supp. 37 (E.D.Mo.1977)
 
 
 [2]
 445 F.Supp. 141 (E.D.Mo.1978)
 
 
 [3]
 In Count II of her complaint, Morris alleged fraud in connection with the handling of her securities account under the pendent jurisdiction of the court. Count II was dismissed by the district court for lack of federal jurisdiction upon its finding that Morris' Rule 10b-5 claim was barred by the limitations period found in Mo.Rev.Stat. § 409.411(e) (1969)
 
 
 [4]
 In Count II of her complaint, Braun alleged violations of section 17 of the Securities Act of 1933, 15 U.S.C. § 77q. The district court noted that we have previously held that a private remedy for a violation of section 17(a) must be found in section 12(2) of the 1933 Act, 15 U.S.C. § 77L (2), Shull v. Dain, Kalman & Quail, Inc., 561 F.2d 152, 155 (8th Cir. 1977), Cert. denied, 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978), and that, so viewed, the one-year limitation period applicable to section 12(2) claims barred Count II. 15 U.S.C. § 77m. Braun does not appeal Count II. Counts IV, V, and VI, based upon the common law of Missouri, were dismissed for lack of federal jurisdiction upon the court's finding that Braun's Rule 10b-5 claim was barred by the limitations period in Mo.Rev.Stat. § 409.411(e) (1969)
 
 
 [5]
 The Honorable John F. Nangle, United States District Judge, Eastern District of Missouri, presided in both cases
 
 
 [6]
 We employ the "blue sky statute" nomenclature as a familiar shorthand reference. The former Missouri Blue Sky Law was repealed in 1967 and replaced by the Missouri Uniform Securities Act. 1967 Mo.Laws, at 611. Mo.Rev.Stat. § 409.101
 
 
 [7]
 In Rule 10b-5 actions the statute of limitations runs "only from the date of discovery of the fraud or from the date the fraud upon reasonable inquiry should have been discovered." Vanderboom v. Sexton, 422 F.2d 1233, 1240 (8th Cir.), Cert. denied, 400 U.S. 852, 91 S.Ct. 47, 27 L.Ed.2d 90 (1970)
 
 
 [8]
 Section 516.120 is a statute of general applicability, and provides, in its pertinent parts:
 (Actions to be commenced) (w)ithin five years:
 An action for relief on the ground of fraud, the cause of action in such case to be deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud.
 
 
 [9]
 The issue was raised in Garnatz v. Stifel, Nicolaus & Co., 559 F.2d 1357, 1363 (8th Cir. 1977), Cert. denied, 435 U.S. 951, 98 S.Ct. 1578, 55 L.Ed.2d 801 (1978) in which the district court ruled the opposite of Judge Nangle here. We did not address this issue, however, since on the basis of the jury's findings the action was timely under either limitations provision. Id
 
 
 [10]
 We have been referred to no Missouri case law which would indicate that scienter is an element of a cause of action brought under the Missouri blue sky statute. However, the language of section 409.411(a)(2) would indicate that liability can be determined on the basis of the traditional negligence standard of reasonable care: the seller must "sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of the untruth or omission . . . ." Proof of lack of scienter would not necessarily satisfy this burden. We do not agree with appellee that the Supreme Court of Missouri's decision in Northern Trust Company v. City of Independence, 526 S.W.2d 825, 832-33 (Mo.1975) (en banc), may be read as indicating scienter is an element of a cause of action under section 409.411. Moreover, substantively section 409.411(a)(2) is identical to section 12(2) of the Securities Act of 1933, 15 U.S.C. § 77L (2), See Alton Box Board Co. v. Goldman, Sachs and Co., 560 F.2d 916, 924 (8th Cir. 1977), which does not require proof of scienter in terms of intentional misrepresentation
 
 
 [11]
 Section 9(e) of the 1934 Act, 15 U.S.C. § 78i(e) (purposeful manipulation of securities prices); Section 18 of the 1934 Act, 15 U.S.C. § 78r (knowingly false or misleading statements in registration materials); Section 29(b) of the 1934 Act, 15 U.S.C. § 78cc(b) (contracts for the purchase or sale of securities entered into by brokers or dealers using manipulative, deceptive or fraudulent devices); Section 13 of the 1933 Act, 15 U.S.C. § 77m (filing a false or misleading registration information in violation of Section 11, 15 U.S.C. § 77k, or making untrue statements or omissions of material fact in violation of Section 12(2), 15 U.S.C. § 77L (2))
 Section 12(2) of the 1933 Act is nearly identical to Mo.Rev.Stat. § 409.411(a) (2) and textually similar to the second clause of Rule 10b-5.