**Margaret E. KOKE and Anna C. Koke, Plaintiffs,**

v.

**STIFEL, NICOLAUS & CO., INC., a corporation, and Kingsley O. Wright, Sr., Defendants.**

**No. 77–0343C(C).**

United States District Court, E. D. Missouri, E. D.

Nov. 20, 1979.

Mark I. Bronson, St. Louis, Mo., for plaintiffs.

John R. Musgrave, St. Louis, Mo., for defendants.

## MEMORANDUM

MEREDITH, District Judge.

This matter is before the Court on the motions for summary judgment and dismissal filed by defendants. For the reasons stated below, defendants' motions are hereby granted.

Plaintiffs' original complaint was filed with this Court on March 30, 1977, alleging

causes of action under 15 U.S.C. § 78j (Section 10[b] of the Securities and Exchange Act of 1934) and 15 U.S.C. § 77q (Section 17 of the Securities Act of 1933).

Plaintiff Margaret Koke is the daughter of plaintiff Anna C. Koke. Margaret managed all her mother's investment affairs which are relevant to this action. Margaret Koke, at all times relevant to this lawsuit, was employed as an accountant and bookkeeper for a corporation. Plaintiffs maintained a bond margin account with defendants.

Defendant Stifel, Nicolaus & Co., Inc., is an investment firm in Missouri and Kingsley O. Wright, Sr., is a former employee of that firm.

The complaint is pleaded in two counts. The first count alleges the federal security law violations while the second count is a pendent jurisdiction claim for common law fraud. Plaintiffs' claim $100,000 actual and $250,000 punitive damages.

Plaintiffs allege in substance that defendant Wright misrepresented that certain bonds purchased by plaintiffs would not decline in value and that they would stay stable and steady. (Plaintiffs' complaint, paragraph 10.) On learning of the alleged misrepresentation and fraud of defendants, which took the form of churning plaintiffs' account, plaintiffs filed this cause of action. They assert that they have brought suit within two years following discovery of the fraud and are thus entitled to recovery. Both parties acknowledge that suit must be brought, under applicable law, within two years after actual or constructive discovery of the alleged fraud.

Defendants contend that plaintiffs knew, or upon reasonable inquiry should have known, the falsity of the alleged misrepresentations and/or the existence of the alleged fraud. It is the position of defendants that declines and fluctuations in the price of plaintiffs' securities were regularly reported to them in 1972, 1973, 1974, and early 1975, more than two years prior to filing of this suit. Thus, defendants have filed their motion for summary judgment and dismissal alleging that plaintiffs had knowledge of the alleged securities fraud for over two years prior to filing the law suit and are thus barred from filing suit by the statute of limitations. As such, defendants contend that this suit must be dismissed. Because the plaintiffs' federal securities claim in Count I is barred, defendants also assert that the court is within pendent jurisdiction to hear the common law claim set out in Count II and that it must be dismissed as well.

■ It is settled that a motion for summary judgment is an appropriate method for raising a statute of limitations defense. *Kern v. Tri-State Ins. Co.*, 386 F.2d 754 (8th Cir. 1968), and that the moving party, Stifel, Nicolaus & Co., bears the burden of establishing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P.

Further, the Eighth Circuit has held that where Missouri citizens file claims alleging securities fraud under Rule 10B–5, they are governed by a two-year statute of limitations provided by Missouri Blue Sky laws, Section 409.101, R.S.Mo. (1969), *et seq.*, rather than a five-year period governing common law fraud claims. *Morris v. Stifel, Nicolaus & Co., Inc.*, 600 F.2d 139 (8th Cir. 1979).

The court in *Morris* also held that the Blue Sky law involved in this case provides that in 10B–5 actions the statute of limitations runs "only from the date of discovery of the fraud or from the date the fraud upon reasonable inquiry should have been discovered." *Id.* at 140, n. 7. Thus, in order for the Court to grant summary judgment to defendants in this case, the record must establish that plaintiffs did, in fact, have actual or constructive knowledge of the alleged fraud involved more than two years before filing this suit.

■ The Court has reviewed the authorities cited by plaintiffs in favor of the proposition that summary judgment should not be granted where actual or constructive knowledge of fraud, a factual question, is involved. However, the extensive docu-

mentation of the transactions in this case establishes beyond doubt that plaintiffs had constructive knowledge of the fraud complained of here. As such, this case is clearly distinguished from those cited by plaintiffs.

Between November 11, 1971, and March 6, 1975, plaintiffs opened a bond margin account with defendants. The facts concerning the account are contained in monthly account statements, confirmation slips, and federal income tax returns based on the foregoing, which plaintiffs acknowledge receiving (plaintiffs' deposition, 26), and which plaintiffs and defendants produced for the record. These records establish that the relevant activities allegedly taken by defendants occurred no later than March 6, 1975, when plaintiffs closed their account.

The Court finds that actual or constructive knowledge of the decreasing value of plaintiffs' account and other facts disclosing the alleged fraud are established by the voluminous documentation which plaintiffs received following each transaction involving their account. These documents show *inter alia*:

A. The bonds about which plaintiffs complain were purchased from November, 1971 through May 1973. No relevant bond transactions were made subsequent thereto. (Defendants' Exhibits C through I.)

B. On at least five separate occasions, in July 1972, August 1972, October 1972, May 1973, and August 1973, plaintiffs sold bonds at losses, all of which were reported to plaintiffs in the confirmation slips (defendants' Exhibit C) and monthly account statements (defendants' Exhibit D) plaintiffs received and which were reflected in the income tax returns filed by plaintiffs for 1972 (e. g., defendants' Exhibit E) and subsequent years.

C. On September 17, 1974, plaintiffs sold all of the remaining bonds previously purchased and made no further purchases or sales in their account (defendants' Exhibit F).

D. On or about September 20, 1974, plaintiffs received at least eight confirmation slips evidencing the sale of the bonds at a loss (defendants' Exhibit G).

E. On or about September 27, 1974, plaintiff received a monthly account statement from defendants summarizing the bond transactions and resulting losses (defendants' Exhibit F).

F. On March 6, 1975, plaintiffs closed their bond margin account.

G. On March 7, 1975, Anna Koke's tax return was prepared for 1974 in which the losses from the bond sales were set forth (defendants' Exhibit I).

H. On each confirmation slip the date, price, gain or loss of a bond sale was set forth, as well as the following statement: "Please advise immediately if this confirmation is not in complete accordance with your understanding."

The facts alleged in this case besides those established by the foregoing records show that in 1973 and 1974 plaintiffs were required to pay additional money into their bond account. The Court finds that these acts alerted plaintiffs that the value of their account was diminishing, or at least in jeopardy, and that plaintiffs thus had knowledge that defendants' earlier representations were untrue.

The Court finds further that Margaret Koke, an accountant-bookkeeper, exercised principal control over the joint bond account she held with her mother, an elderly woman with little or no investment experience. As such, Margaret Koke had an extra duty of care in managing the account. Against these facts, Margaret Koke's failure to exercise due care in discovering the alleged fraud is of no defense to her against the statutory bar.

"The plaintiff may not merely rely on [her] own awareness of the facts or law to toll the statute of limitations but rather, plaintiff has the burden of showing that [s]he exercised reasonable care and diligence in seeking to learn the facts which would disclose fraud." *Hupp v. Gray*, 500 F.2d 993 (7th Cir. 1974). The statute of limitations period "did not await . . . leisurely discovery of the full details of the alleged scheme." *Klein v. Bower*, 421 F.2d 338, 343 (2d Cir. 1970).

Thus, the Court finds that plaintiffs had sufficient information in their possession on or before March 6, 1975, to establish the required knowledge of the alleged fraud complained of here. Because the date was over two years prior to the filing of this lawsuit, the statute of limitations applicable in this case bars the plaintiffs' claim. Plaintiffs' cause in Count I is accordingly dismissed with prejudice.

Count II of plaintiffs' complaint states a pendent jurisdiction claim for common law fraud. This claim is also barred by the statute of limitations of two years provided in 409.411, R.S.Mo. (1969), because the statute was made applicable to plaintiffs' state claim by the decision of the Eighth Circuit Court of Appeals in *Morris v. Stifel, Nicolaus & Co., Inc., supra.* Because plaintiffs' cause of action in Count II is filed more than two years after discovery of the alleged fraud the suit is barred and, accordingly, is hereby dismissed with prejudice.