**G. A. BUDER, III, et al., Plaintiffs,**

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., et al., Defendants.**

No. 77–643C(B).

United States District Court,
E. D. Missouri, E. D.

Feb. 1, 1980.

Charles E. Valier, St. Louis, Mo., for plaintiffs.

John J. Cole, Thomas E. Wack, St. Louis, Mo., for defendants.

MEMORANDUM AND ORDER

REGAN, District Judge.

This matter is before the Court on motion of plaintiffs to file an amended complaint.

The original complaint, filed June 13, 1977, (which has not heretofore been amended except by changing one date by interlineation) charged in a single count various federal securities law violations. Extensive (and expensive) discovery

---

through depositions, interrogatories and production of documents was had. The case has been set for trial seven times, first on April 10, 1978, subsequently on July 3, 1978, October 23, 1978, May 7, 1979, November 26, 1979, December 17, 1979 and finally on February 19, 1980. In the interim, on September 18, 1979, defendants filed their motion for summary judgment based upon the statute of limitations. Subsequently, after the motion had been fully briefed and orally argued, plaintiffs requested leave to file the proposed amended complaint, leaving intact as Count I the original complaint, but adding a second count based upon common law fraud.

Rule 15(a) FRCP, to the extent applicable, provides that a party may amend his pleading only by leave of court or by written consent of the adverse party, but that "leave shall be freely given *when justice so requires.*" Hence, absent as here consent of the adverse party, whether leave shall be given rests in the sound discretion of the court. We address this issue.

Although the formal record does not so reflect, the case would have long since been tried on the original complaint but for the representations of the parties that the decision in a case pending in the Court of Appeals for this circuit *(Morris v. Stifel, Nicolaus & Co.)* would be virtually dispositive of this case by determining which state statute of limitations applied when the federal law was silent on that issue. *Morris v. Stifel, Nicolaus & Co.*, 600 F.2d 139 (8 Cir. 1979) which was submitted September 14, 1978, was decided on June 7, 1979. Therein, the Court of Appeals held that Section 10(b) securities claims were subject to a two year period of limitations, said period to commence to run from the date the alleged fraud should, upon reasonable inquiry, have been discovered. The motion for summary judgment was predicated upon the contention that plaintiffs were aware of or reasonably should have discovered the alleged fraud more than two years before suit was filed. We have this day sustained defendant's motion for summary judgment and entered judgment dismissing the action.

Obviously, once a suit has been dismissed, there is nothing to amend. It is true, of course, that plaintiffs' motion to amend was filed before we ruled the motion for summary judgment but after that motion was under submission, so that the real issue is whether, in the exercise of a sound discretion, we should modify the judgment of dismissal and reinstate the action for the purpose of permitting plaintiffs to add their Count II common law fraud claim.

There can be no doubt but that at all times both before and after they filed this suit seeking recovery for federal securities law fraud, plaintiffs were fully aware of the existence of their common law fraud claim. It is equally clear that with such knowledge, plaintiffs intentionally refrained from asserting their common law fraud claim until it became evident to them that the motion for summary judgment was likely to be sustained. So, too, we are convinced that but for the filing of the motion for summary judgment and the arguments presented in support thereof the requested amended complaint would not have been tendered.

As we have noted, a trial of this case on the merits would have long since been had but for the understanding of both parties and of the Court that it was essential in the interest of judicial economy to delay the resolution of the case until after *Morris* was decided. Had Count II of the proposed amended complaint been in the case at an earlier stage, no such delays would have been permitted or desirable. Defendants, as well as plaintiffs, are entitled to a speedy and inexpensive trial. Plaintiffs virtually concede that at least some additional discovery would probably be required by defendants. Prejudice to the defendants would result if the amendment were allowed. Rule 15(a) does not mandate that parties are entitled to amend as of right. To the contrary, leave is to be freely given only "when *justice* so requires." Justice must be even-handed, that is, justice to both parties is the criterion.

That the delay in seeking leave to amend is "undue", admits of no doubt in our mind.

So, too, there is a complete absence of oversight, inadvertence or excusable neglect on the part of plaintiffs which might justify their long delay in alleging a claim of which they were aware when this suit was filed in 1977. See 6 Wright & Miller, Federal Practice and Procedure: Civil § 1488 at pp. 443–444. Plaintiffs have shown no reason, much less a valid one, for their neglect and undue delay. Good faith should have impelled them to apprise defendants of their intent to assert the new claim at a much earlier stage of this litigation. We find no factors which persuade us that justice requires that leave to amend be granted to plaintiffs.

Accordingly, IT IS HEREBY ORDERED that plaintiffs' motion for leave to file a first amended complaint be and the same is hereby overruled, and leave to file said pleading is hereby denied.