**Albert J. DEVIRIES, Appellant,**

v.

**PRUDENTIAL–BACHE SECURITIES, INC., Donald J. Hannis, Appellees.**

**No. 86–1097.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1986.
Decided Nov. 14, 1986.

David L. Campbell, St. Louis, Mo., for appellant.

Richard J. Paulter, St. Louis, Mo., for appellees.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

BOWMAN, Circuit Judge.

Plaintiff Albert J. Deviries (Deviries) appeals from the District Court's order dismissing his complaint against Prudential-Bache Securities, Inc. (Prudential) and Donald J. Hannis (Hannis). Deviries opened a securities brokerage account with Prudential in October 1976 and Hannis, an employee of Prudential, served as broker for the account. Over the next six years, Deviries sustained substantial trading losses in his account with Prudential. After "discovering" in April 1982 an alleged scheme to defraud him, he filed suit against Prudential and Hannis in January 1984. Deviries claimed that defendants made fraudulent misrepresentations to secure his account and then "churned" the account by recommending transactions unsuitable to Deviries's investment needs. He sought recovery for alleged violations of: (1) Section 17(a) of the Securities Act of 1933 (the 1933 Act), 15 U.S.C. § 77q(a); (2) Section 10(b) of the Securities Exchange Act of 1934 (the 1934 Act), 15 U.S.C. § 78j(b); (3) Section 15(c)(1) of the 1934 Act, 15 U.S.C. § 78o(c)(1), and Rules 15c–1 and 15c–2 thereunder; and (4) Section 20 of the 1934 Act, 15 U.S.C. § 78t. Deviries also included counts alleging violation of Missouri Blue Sky Law, Mo.Rev.Stat. § 409.101, common law fraud, and breach of fiduciary duty.

In January 1985 Deviries voluntarily dismissed the suit, but in July 1985 he again filed suit against the same defendants. The second suit essentially revived the charges made in the 1984 suit, but Deviries added a count charging defendants with violation of civil RICO, 18 U.S.C. § 1962(c),

in connection with the alleged securities fraud.

On defendants' motion, the District Court dismissed the § 17(a) and § 15(c)[1] counts, holding that no private right of action exists for violation of these sections. The court also dismissed Deviries's claim under § 10(b), holding that the action was time-barred under the applicable two-year limitations period borrowed from Missouri's Blue Sky Law. Mo.Rev.Stat. § 409.-411(e) (Supp.1984). The District Court rejected Deviries's argument that Missouri's savings statute applied to extend the two-year limitations period in the § 10(b) action by one year, as provided in Mo.Rev.Stat. § 516.230. Finding no basis for liability under the 1934 Act, the court also dismissed Deviries's § 20 claim.

The Court then found that the two-year limitations period also would apply to Deviries's civil RICO claim, and rejected a similar argument concerning the applicability of the savings statute. Because Deviries did not bring the RICO action within the applicable two-year period, the District Court also dismissed that action as time-barred. After dismissing the federal claims, the District Court declined to exercise pendent jurisdiction over the remaining state claims and dismissed the rest of the counts in Deviries's complaint. We affirm.

■ Deviries concedes that the established rule of this Circuit is that there is no private right of action for violations of § 17(a) of the 1933 Act. *Shull v. Dain, Kalman & Quail, Inc.*, 561 F.2d 152, 155, 159 (8th Cir.1977), *cert. denied*, 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978). This panel is bound by that rule and we are not free, as Deviries urges, to reconsider the law of this Circuit on the issue. *United States v. Lewellyn*, 723 F.2d 615, 616 (8th Cir.1983) ("Only the court *en banc* is empowered to change an existing rule of law."); *United States v. Howard*, 706 F.2d 267, 269 (8th Cir.), *cert. denied*, 464 U.S. 934, 104 S.Ct. 341, 78 L.Ed.2d 309 (1983).

■ Because there is no federal limitations period provided for private rights of action under § 10(b), we look to analogous state law to determine the timeliness of the federal cause of action. *Vanderboom v. Sexton*, 422 F.2d 1233, 1237–38 (8th Cir.), *cert. denied*, 400 U.S. 852, 91 S.Ct. 47, 27 L.Ed.2d 90 (1970). Deviries admits that under the law of this Circuit, the most analogous statute of limitations for a private suit under § 10(b) is Mo.Rev.Stat. § 409.411(e), which provides for a two-year period in which to bring actions for violations of the Missouri Blue Sky Law. *Morris v. Stifel, Nicolaus & Co.*, 600 F.2d 139, 146 (8th Cir.1979). However, he argues that Missouri's savings statute, Mo.Rev. Stat. § 516.230, applies to extend the two-year period by one year following the voluntary dismissal of his first suit. He argues that because the essence of an action under § 10(b) is a claim for fraud, we should adopt the savings statute, which applies to actions for common law fraud. We find no merit in this argument.

By its terms § 516.230 applies to extend only those actions covered by the statutes of limitation found in §§ 516.010–516.370. *Stine v. Kansas City Terminal Railway*, 564 S.W.2d 619, 620–21 (Mo.App.1978). Accordingly, we cannot apply the savings statute without implicitly adopting one of the covered sections in Chapter 516 as the appropriate provision to apply in actions under § 10(b) of the 1934 Act. Deviries offers for this purpose § 516.120 and its provisions regarding "[a]n action upon a liability created by a statute other than a penalty or forfeiture," Mo.Rev.Stat. § 516.-120(2), and "[a]n action for relief on the ground of fraud...." Mo.Rev.Stat. § 516.-120(5). This was the same section considered and rejected as an alternative to § 409.411 in *Morris*. As we stated there, "[w]e are ... unpersuaded that longer limitations periods best serve federal securities policy as a general premise. The equitable tolling doctrine ... protects prospective

---

1. Deviries conceded in his District Court pleadings that § 15(c) does not establish a private right of action, and thus he did not raise the issue on appeal. Accordingly, that issue is not before us.

plaintiffs from concealment of the misrepresentation." 600 F.2d at 145.

We decided in *Morris* that Mo.Rev.Stat. § 409.411(e) is the most analogous statute of limitations for § 10(b) actions. The savings statute plainly does not apply to actions covered by § 409.411(e). Thus it does not apply here. Under the two-year period of limitations established by § 409.411(e), Deviries should have filed his action by April 1984. Because he did not file the present action until July 1985, the District Court appropriately dismissed the suit as time-barred.

 Deviries's § 20 claim is a derivative of his other 1934 Act claims, and without an underlying violation of the 1934 Act or any rule or regulation promulgated under its authority, Deviries cannot state a claim under § 20. *See Bosio v. Norbay Securities, Inc.,* 599 F.Supp. 1563, 1568 (E.D.N.Y. 1985). Accordingly, the dismissal of his other 1934 Act claims is fatal to his § 20 claim.

Finally, Deviries fails to state a claim under RICO, because he fails to allege the necessary "pattern" of racketeering activity required by *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985). Deviries claims that defendants engaged in a "pattern" of allegedly fraudulent securities sales over the course of six years. However, each of the activities comprising the "pattern" pertains to alleged misrepresentations and "churning" in connection with Deviries's account. Putting to one side the sufficiency of his allegations of a RICO "enterprise" and assuming *arguendo* that he could establish several related acts of fraud, we hold that Deviries still has failed to allege the continuity necessary to establish a "pattern" of racketeering activity. There was no allegation that Prudential and Hannis had engaged in similar endeavors in the past or that they were engaged in other criminal activities. If proven, defendants' actions at worst would comprise one scheme to generate excessive sales commissions by recommending unsuitable investments and churning Deviries's account. This is insufficient to state a RICO claim. *See Holmberg v. Morrisette,* 800 F.2d 205, 210 (8th Cir.1986). As we observed in *Superior Oil Co. v. Fulmer,* 785 F.2d 252, 257 (8th Cir.1986), "[i]t places a real strain on the language to speak of a single fraudulent effort, implemented by several fraudulent acts, as a 'pattern of racketeering activity.'" Absent allegations sufficient to establish a true "pattern" of related but distinct schemes of fraud, Deviries's complaint fails to meet one of the required elements of a civil RICO claim.[2]

The order of the District Court dismissing Deviries's complaint is in all respects affirmed.

---

**2.** Because of our disposition of Deviries's RICO claim, we need not address the issue of the appropriate statute of limitations to apply to the RICO action.