Arnold CARVER, Richard Christensen, Richard N. Davies, R.N. Davies, Keith A. Fligge, Rex D. Frederick, Frances D. Frederick, A.J. Hamren, Michael G. Jacquat, James C. Larson, Clayton H. Johnson, J. Wayne McCluskey, L.J. Rychman and Marvin C. Velzke, Plaintiffs,

v.

CONTINENTAL GRAIN COMPANY, a Delaware Corporation, ContiCommodity Services, Inc., a Delaware Corporation, and Jon Abmeyer, Defendants.

Civ. No. 4-87-156.

United States District Court,
D. Minnesota,
Fourth Division.

June 26, 1987.

Harvey, Thorfinnson & Scoggin, Ross L. Thorfinnson, Kevin C. Lanigan, Eden Prairie, Minn., for plaintiffs.

Oppenheimer Wolff & Donnelly, Darwin J. Lookingbill, Minneapolis, Minn. (Jenner & Block, Eugene Wedoff, Chicago, Ill., of counsel), for defendants.

## ORDER

DOTY, District Judge.

This matter is before the Court on defendants' motion to dismiss Count I of plaintiffs' Complaint alleging violation of the Commodity Exchange Act, 7 U.S.C. § 1 *et seq.* (1978).

## FACTS

Count I of plaintiffs' Complaint alleges that defendants made false representations in violation of §§ 6b and 6o of the Commodity Exchange Act causing losses in plaintiffs' commodity trading accounts. Plaintiffs commenced this action on March 17, 1987, nearly four years after the occurrence of the alleged misrepresentations. The issue for decision is whether plaintiffs' action for violation of the Commodity Exchange Act is time barred.

The Commodity Exchange Act, as amended in 1983, provides an express private cause of action and a two-year statute of limitations for actions accruing on or after January 11, 1983. 7 U.S.C. § 25(a), (c). The violations asserted in Count I of plaintiffs' Complaint allegedly occurred before January 11, 1983. Actions such as plaintiffs', accruing before January 11, 1983, arise under an implied cause of action, *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran,* 456 U.S. 353, 102 S.Ct. 1825, 72 L.Ed.2d 182 (1982), to which no federal statute of limitations applies. In such cases, the federal courts have determined the applicable statute of limitations by looking to analogous provisions of the law of the state in which the implied cause of action is brought. *See, e.g., Morris v. Stifel, Nicolaus & Co.,* 600 F.2d 139 (8th Cir.1979) (involving Securities Exchange Act); *Smith v. Groover,* 468 F.Supp. 105 (N.D.Ill.1979) (involving Commodity Exchange Act).

It appears that no court has yet been required to find the Minnesota statute most analogous to the Commodity Exchange Act for purposes of determining the statute of limitations applicable to causes of actions brought under that Act. Plaintiffs argue that Minn.Stat. § 541.05, subd. 1(6) (1978), which provides a six-year statute of limitations for relief on the ground of fraud, furnishes the statute of limitations applicable to this case. Defendants argue, more persuasively, that the three-year statute of limitations found in the Minnesota Securities Act (Minn.Stat. § 80A.23, subd. 7 (1986)) provides the relevant law.

This Court finds it unnecessary, however, to decide which Minnesota law provides the applicable statute of limitations because the plaintiffs' Commodity Exchange Act claim is saved by the Federal tolling doctrine. The tolling doctrine provides:

> ... where a plaintiff has been injured by fraud and "remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered, though there be no special circumstances or efforts on the part of the party committing the fraud to conceal it from the knowledge of the other party."

*Holmberg v. Armbrecht,* 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946), quoting *Bailey v. Glover,* 21 U.S. (1 Wall.) 342, 348, 22 L.Ed. 636 (1875). The 8th Circuit embraced the *Holmberg* rule in a securities

case where, after an analysis of the tolling issue, the Court stated: "[T]he remedial policy expressed by Congress in enacting the securities legislation would best be served by making any statute of limitations run only from the date of the discovery of the fraud or from the date the fraud upon reasonable inquiry should have been discovered." *Vanderboom v. Sexton*, 422 F.2d 1233, 1240 (8th Cir.1970) *cert. denied*, 400 U.S. 852, 91 S.Ct. 47, 27 L.Ed.2d 90 (1970).

The facts of the instant case support use of the Federal tolling doctrine to bar the running of the statute of limitations. The facts as alleged indicate that plaintiffs remained in ignorance of the claimed misrepresentations without any fault or want of diligence on their part, and once they learned of the alleged misrepresentations, they acted with reasonable diligence in pursuing their claims. Moreover, contrary to the assertions of defense counsel, this Court believes that plaintiffs' Complaint and Amended Complaint set forth the details of the alleged misrepresentations with particularity sufficient to invoke use of the Federal tolling doctrine.

Accordingly, defendants' motion to dismiss is denied. Defendants' motion for an extension of time to answer Count II of plaintiffs' Complaint is granted, defendants' Answer being due on or before July 14, 1987.